Rose Federman Diamond, as Guardian ad Litem of Ruth Diamond and Another, Plaintiff, *v.* New York Life Insurance Company, Defendant.

First Department, March 27, 1936.

*Irving R. Kass* of counsel [*Charles Tolleris*, attorney], for the plaintiff.

*Ferdinand H. Pease* of counsel [*Louis H. Cooke*, attorney], for the defendant.

DORE, J. The defendant insurance company issued a policy of life insurance on the life of Abraham J. Diamond payable to the infant plaintiffs. On the death of the insured, defendant paid the face amount of the policy in the sum of $10,000. Plaintiffs, under double indemnity provisions, seek to recover an additional $10,000 payable if death resulted from accident as defined in the policy. The death of the insured on July 14, 1932, resulted from inhaling carbon monoxide gas emitted by the insured's automobile in his garage, and it is conceded that death did not result from self-destruction.

The policy contained the following clause: " New York Life Insurance Company, a mutual company, agrees to pay to Ruth Diamond and Gloria Diamond, beneficiaries, share and share alike, $10,000 (the face of this policy) upon receipt of due proof of the death of Abraham J. Diamond, the insured, or $20,000 (double the face of this policy) if such death resulted from accident as defined under ' Double Indemnity ' on the second page hereof and subject to the provisions therein set forth."

The definition and the provisions, referred to in said clause, follow:

" Double Indemnity. The double indemnity provided on the first page hereof shall be payable upon receipt of due proof that the death of the insured resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means and occurred within ninety days after such injury.

" Double indemnity shall not be payable if the insured's death resulted from self-destruction, whether sane or insane; from the taking of poison or inhaling of gas, whether voluntary or otherwise."

The sole issue is whether the words " voluntary or otherwise " exclude from coverage the involuntary inhaling of gas. That question has been finally disposed of by the Court of Appeals in *Rasmussen* v. *New York Life Ins. Co.* (267 N. Y. 129), which involved the identical clause in another policy issued by the same defendant. Plaintiff in that case was granted a new trial, only because of the rejection by the trial court of certain evidence which the Court of Appeals held should have been admitted. The Court of Appeals said:

" It is conceded that the insured ' died from carbon monoxide poisoning;' that ' carbon monoxide is a poisonous gas;' and that,

within the foregoing term of the policy, death was the result of accident, without contributory cause.

" The policy further provides: ' Double indemnity shall not be payable if the insured's death resulted from   *   *   *   the taking of poison or inhaling of gas, whether voluntary or otherwise.' Unless ineffective for reasons in the record, this exception defeats plaintiff's recovery. (*Osburn* v. *Commercial Travelers Mut. Acc. Assn.*, 265 N. Y. 671.) "

Construing the identical clause, the United States Circuit Court of Appeals (8th Circuit) in *King* v. *New York Life Ins. Co.* (72 F. [2d] 620) held: " That clause reading ' whether voluntary or otherwise ' is broad and sweeping. It does not nullify the definition of ' inhaling; ' it simply precludes any attempt at restriction."

Plaintiff relies on *Penfold* v. *Universal Life Ins. Co.* (85 N. Y. 317). In that case the policy excluded coverage if the insured died " by his own hand or act, voluntary or otherwise." There a sane man had taken an overdose of medicine prescribed by his physician. The question was whether the words " die by his own hand or act, voluntary or otherwise," referred to an unintentional and accidental act. The court pointed out that it has long been settled that the words " die by his own hand or act " do not refer to an accidental act but refer to intentional suicide and that, therefore, the addition of the words " voluntary or otherwise " to that particular clause merely extended the limitation to suicide by an insane man who has no rational volition. That case is clearly distinguishable, but even there, it is to be noted, the words " or otherwise " were held to mean the opposite of " voluntary."

Cases cited by plaintiff applying the rule *ejusdem generis* have no relation to the construction of a clause such as the clause in issue here. On reason as well as on authority, plaintiff's contention cannot be sustained.

Judgment is accordingly directed for the defendant, without costs.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Judgment directed for the defendant, without costs. Settle order on notice.