RACHEL NEWMAN FELDSTEIN, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

First Department, November 1, 1940.

*Lee M. Gammill* of counsel [*Louis H. Cooke*, attorney], for the appellant.

*Horace M. Gray* of counsel [*Charles E. Wythe* with him on the brief; *Harry Tannenbaum*, attorney], for the respondent.

UNTERMYER, J. On October 19, 1934, David G. Feldstein insured his life for the benefit of the plaintiff for the sum of $5,000. The policy contained provisions for double indemnity in the event of accidental death, which excluded, however, death resulting from " the taking of poison or inhaling of gas, whether voluntary or otherwise." The plaintiff seeks to recover the double indemnity of $5,000, which the defendant has refused to pay.

The fact is uncontradicted that the insured met death on April 1, 1939, as the result of inhaling illuminating gas which escaped from a stove near which he was seated at the time of his death. Accordingly, the provisions of the policy, standing alone, would preclude any recovery by the plaintiff under our decision in *Diamond* v. *New York Life Ins. Co.* (247 App. Div. 203) whether or not the inhalation of the gas was accidental.

The plaintiff, however, relies on the decision in *Rasmussen* v. *New York Life Ins. Co.* (267 N. Y. 129) in support of her contention that the policy is ambiguous and argues that she is entitled to a trial of the question whether the word " gas " was intended to include illuminating gas. She asserts that a pamphlet entitled " 1927 in a Nutshell," published by the defendant in the year 1928, confirms that contention, because it refers to " carbon monoxide " as the cause of sixteen deaths for which double indemnity was paid by the defendant during the year 1927.

We think the *Rasmussen* case is inapplicable here. In that case the deceased had died by inhaling fumes containing monoxide gas from the exhaust of an automobile. Under those circumstances the exclusion of the pamphlet " 1927 in a Nutshell," which had been delivered to the insured in the course of solicitation of a policy dated March 26, 1928, was held to be error. Said the court: " Had the excluded evidence been admitted, the jury could have found that the insured was induced to accept the policy by a clear assertion that death by carbon monoxide was not to be understood as death by poison or gas within the exception to the provision for double indemnity in the event of fatal accident. The words of exception are not so explicit that their scientific sense must be held to exclude a definite agreement that a particular situation is outside their operation " (p. 132). In the present case there is neither proof nor suggestion that the pamphlet published six years previously was delivered to the insured in connection with the policy or that its contents were known to him. It could not have induced the belief that death by inhalation of illuminating gas was included in the double indemnity provisions of the policy. Nor does it follow from the *Rasmussen* case that the terms of the policy are ambiguous in relation to death by inhalation of illuminating gas even though they do not necessarily include death caused by inhalation of the exhaust fumes of an automobile. In holding that these provisions might not have been intended to exclude death by inhalation of such fumes the court, by implication, seems to have recognized the intention of the parties to exclude death by the inhalation of illuminating gas. It held in effect that a provision which was intended to exclude death caused

by illuminating gas did not necessarily exclude death caused by the monoxide fumes escaping from the exhaust of an automobile. For, if these provisions do not apply to death resulting from illuminating gas, then it is difficult to conceive of any case in which they would apply.

The order, so far as appealed from, should be reversed with twenty dollars costs and disbursements, and the motion for summary judgment dismissing the complaint granted.

MARTIN, P. J., O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Order, so far as appealed from, unanimously reversed, with twenty dollars costs and disbursements, and the motion granted.