Julia Howard, Plaintiff, *v.* Aetna Life Insurance Company, Defendant.

City Court of the City of New York, Special Term, Kings County, March 26, 1947.

*Daniel Miner* for defendant.

*Louis Rothbard* for plaintiff.

JOYCE, J. This is a motion by the defendant for summary judgment, pursuant to rule 113 of the Rules of Civil Practice.

It seems defendant issued a policy of life insurance on the life of Antanas Bulavas, wherein the plaintiff was the beneficiary. The assured died on May 29, 1944, shortly after having partaken of a certain liquor as a beverage which thereafter was found to have contained methyl alcohol, a poison. Defendant paid the face amount of the policy.

Plaintiff now sues to recover a like amount, claiming the death of the assured came within the terms and provisions of the double indemnity clause of the said policy which provided for a sum equal to the face amount of the policy if the assured met his death through accidental means.

The policy contains a clause that such double indemnity shall be payable if such death does not result from " the taking of poison or inhaling of gas, whether voluntary or otherwise."

Defendant's contention is that the double indemnity item is not payable inasmuch as the manner of the assured's death comes within the exclusion clause quoted.

Plaintiff's contention is that death under the circumstances herein constitutes a death within the meaning of the double indemnity provision.

Plaintiff cites no case on point in this State in support of her contention, and the cases cited in foreign jurisdictions are not controlling in view of reported cases in this State dealing with analogous stituations, and construing the identical clause recited in our case.

The cases cited by the defendant deal with death caused by the inhalation of gas: *Rasmussen* v. *New York Life Ins. Co.* (267 N. Y. 129), *Diamond* v. *New York Life Ins. Co.* (247 App. Div. 203), *Feldstein* v. *New York Life Ins. Co.* (260 App. Div. 476, affd. 286 N. Y. 572) and *Osburn* v. *Commercial Travelers Mut. Acc. Assn.* (265 N. Y. 671). Independent research revealed the case of *Pixley* v. *Commercial Travelers Mut. Acc. Assn.* (221 N. Y. 545) which denied a recovery where death occurred from the effects of morphine poisoning.

In view of the established case law on this point, the motion of the defendant for summary judgment is granted.