Morris Eder, J.
This is an action based on a double indemnity provision. Defendant moves for summary judgment dismissing the complaint on the ground that the provision specifically excludes a case such as this where the assured has concededly died from an overdose of morphine, codeine and barbiturates, even if accidental as contended by plaintiff.
The policy states: ‘ ‘ Double Indemnity shall not be payable if the Insured’s death resulted from self-destruction, whether sane or insane; from the taking of poison or inhaling of gas, whether voluntary or otherwise ’ ’. It is clear from the express use of the phrase, ‘ ‘ whether voluntary or otherwise ”, that where death results from taking poison or inhaling gas, recovery of the double indemnity feature is barred regardless of the deceased’s intention. The clause is an exclusion clause in its own right wholly independent of suicidal intent, which is covered *774 in the separate opening clause. It is quite evident that, because of the special problems involved in ascertaining in cases of poisoning or gas inhalation whether death was caused accidentally or intentionally, exclusion was provided to follow simply upon proof that death resulted from such cause. It is the fact that deceased died from taking poison, not his reasons or the manner of his taking, which is the sole issue under this provision.
Plaintiff contends that morphine, codeine and barbiturates are not poisons but merely therapeutic drugs prescribed for the deceased, who had been suffering for years with a very serious heart disease, and that he died on this occasion through an overdose taken to relieve extreme pain. In her complaint, however, she alleged death as due to “ accidental opiate and/or barbiturate poisoning ”; and the official cause of death submitted by her states “ Poisoning by barbiturate and opiate ”.
About a year after the death an autopsy was performed at defendant’s request. The toxicologic report stated that the body had a residue of 2.6 grains of morphine, 2 grains of barbiturates, and 1 grain of codeine. This indicated that deceased had taken larger quantities, some of which had been destroyed or excreted. Affidavits of the chief medical examiner and his principal toxicologist unequivocally fix the death as due to ingestion in large quantity of the above, conclusively proven by the substantial residue still remaining. Plaintiff attacks their inference that deceased must have taken them at one time (which would, of course, prove suicidal intent), but, as previously noted, all that has to be proved to bar double indemnity here is death resulting from taking poison, whether on one or more occasions.
Under the law of this State morphine is a specifically named poison (Penal Law, § 1743). Codeine and barbiturates are included in the general definition of poisons contained in that section, as ' ‘ any drug, chemical or preparation which * * * is liable to be destructive to adult human life in quantities of sixty grains or less ”. This latter definition of “ Poisons ” is also contained in section 6801 of the Education Law. Death resulting, as here, from a combination of the three, is obviously due to the “ taking of poison ”.
An almost identical exclusion clause was involved in Pixley v. Commercial Travelers Mut. Acc. Assn. (221 N. Y. 545) precluding double indemnity for death resulting from poison taken “ voluntarily, involuntarily or accidentally ”. Dismissal by the trial court at the close of plaintiff’s case was affirmed, unfortunately without opinion by the Appellate Division and Court of Appeals. Clarification was supplied, however, when the later case of Mansbacher v. Prudential Ins. Co. (273 N. Y. 140) was *775 decided. The trial court had found in that case that death had resulted from an accidental overdose of veronal taken to cure sleeplessness. No “ poison ” provision was contained in the policy. Judgment for plaintiff was affirmed, the opinion explicitly referring to the Pixley case as “ an entirely different case ’5 in view of the specific provision in that policy. The opinion then stated that Pixley had died from the effects of a dose of morphine, “ a poison which, even if taken accidentally, did not bring the case within the terms of the policy ” (see, also, with regard to the allied provision as to “ inhaling of gas, whether voluntary or otherwise Diamond v. New York Life Ins. Co., 247 App. Div. 203; Feldstein v. New York Life Ins. Co., 260 App. Div. 476, affd. 286 N. Y. 572).
The motion is accordingly granted. Settle order.