## Framlau Corporation, Appellant, *v.* Delaware County.

Argued September 19, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Richard S. Mailman,* with him *Fine & Mailman,* for appellant.

*Edward H. P. Fronefield,* with him *Fronefield, de-Furia and Petrikin,* for appellee.

OPINION BY CERCONE, J., December 11, 1972:

The problem in this case relates to the sufficiency of plaintiff's amended complaint which, with the exception of the first count, was dismissed by the lower court on defendant's preliminary objections in the nature of a demurrer.

Apparently, plaintiff filed its amended complaint "as of course" following defendant's preliminary objections to the original complaint since the record is silent on any lower court action on the original complaint.

We agree with the lower court's decision holding the amended complaint inadequate and dismissing four of the five counts contained therein.

In the instant case, plaintiff entered into a contract with defendant County for the general construction of a juvenile detention facilities. The work was to have been completed on July 14, 1969, but by reason of extension agreements entered into between the parties the work was not completed until December 17, 1970. Subsequently, plaintiff sued defendant and in the first count of the complaint set forth a claim for an unpaid balance on the contract price. This count sets forth a valid cause of action. The remaining four counts set forth a claim for additional expenses allegedly incurred by plaintiff because defendant wrongfully delayed the work and brought about losses to plaintiff in a manner not contemplated in the contract. The complaint points out delays in the work which admittedly were not caused by defendant nor which placed any obligation on defendant to defray any added ex-

penses incurred by plaintiff by reason of said delays. For instance, plaintiff refers to the contract document and to exhibits and makes them part of its pleading. These documents and exhibits reveal that the delays were brought about by strikes in the construction industry, a strike by the bricklayers, the encountering of excessive work on the building site and that these causes of delay were taken into consideration by extension agreements entered into between the parties which changed the completion date of the work from July 14, 1969 to December 17, 1970, and exonerating defendant from any liability to plaintiff for any additional costs incurred by plaintiff by reason of the delay. The documents also reveal that the architect on the job and the defendant County both had the right to suspend work on the premises if in their judgment undue risk of damage to any part of the building would result if plaintiff proceeded with the work during unfavorable weather or other condition and that in the event such decisions were made by architect or defendant County no obligation would fall on defendant County for payment to plaintiff for any additional expenses incurred by plaintiff by reason of any such suspension of work.

It is the contention of plaintiff that other delays not contemplated by the contract and extension agreements were brought about by defendant's disruptive action and that these delays resulted in added expense to plaintiff. In support of this contention plaintiff's complaint charges defendant with the following failures:

"24. Plaintiff was prevented from proceeding with the work required to be performed by it under the Agreement, referred to above in paragraph three, in an orderly, efficient and economical manner in that defendant:

(a) Failed to provide access to all work at all times

(b) Failed to further the work of its other trades and contractors

(c) Failed to issue necessary instructions

(d) Failed to coordinate the progress of the work

(e) Failed to insist that others keep up with the progress of the plaintiff and the critical path method schedule requirements of the contract

(f) Failed to take effective, essential and contractual action for an unreasonable length of time upon plaintiff's complaints regarding delays in the prosecution of the work by others

(g) Directed and caused plaintiff to perform its heavy construction work in a piece meal and disrupted fashion

(h) Directed and caused Plaintiff to perform much of its heavy construction work in the winter

(i) Directed and caused Plaintiff to perform work out of sequence

(j) Interfered with the performance by Plaintiff of its work, deprived Plaintiff of its methods of performance delayed and prevented performance gave directions as to the performance and procedure contrary to the provisions of said contract, contrary to normal and accepted practice and not contemplated by said contract and disrupted and interrupted the normal procedures and its sequence of operations and performance as contemplated by said agreement.

"25. By the foregoing actions and inaction the Defendant violated express and implied requirements of its agreement and caused and compelled plaintiff to expend additional sums, during the contract period and beyond the completion date thereof and in excess of the amount contemplated by the contract for labor, material, equipment, supervision, insurance, financing and other items of direct project overhead."

These allegations form the basis of plaintiff's alleged cause of action and we are constrained to find them vague, concerned with broad generalities and lacking in specificity. No reference to time, place or nature of event or situation is made against which purposeful answer could be legitimately and fairly required. The question then remains, in disposing of defendant's demurrer, whether or not plaintiff's complaint is so inadequate that it cannot be cured by amendment. A plaintiff is entitled to amend if the complaint doesn't exclude the possibility of recovery under a better statement of facts. *Sullivan v. Philadelphia*, 378 Pa. 648 (1954), *Adler v. Helsel*, 344 Pa. 386 (1942). This is especially true when a plaintiff's claim is dismissed on a defendant's demurrer as in the instant case. *Savitz v. Weinstein*, 395 Pa. 173 (1959). If any material fact remains in dispute a judgment cannot be entered on a demurrer. *Arcadia Theatre Co. v. Segall*, 349 Pa. 412 (1944). In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter final judgment, but must give the pleader an opportunity to file an amended complaint. *Stevens v. Doylestown Bldg. and Loan Assoc.*, 321 Pa. 173 (1936). This is not a matter of discretion with the court but rather a positive duty. *Winters v. Penna. R. Co.*, 304 Pa. 243 (1931), *United Mercantile Agencies v. Slotsky*, 107 Pa. Superior Ct. 467 (1933). Conversely, if it clearly appears that a defective complaint cannot be cured, a demurrer to it and dismissal of the action is proper. *United Societies of Greek Catholic Religion v. Klochak*, 340 Pa. 159 (1940), *Seitz v. Fulton National Bank*, 325 Pa. 14 (1936).

A careful study of plaintiff's amended complaint leads us to conclude that it failed to state a valid cause

of action and that it cannot be cured by amendment. As stated in the case of *Baltimore Steamship Co. v. Phillips*, 274 U.S. 316, 321 (1927), "a cause of action does not consist of facts, but of the unlawful violation of a right which the facts show. . . The facts are merely the means, and not the end. They do not constitute the cause of action, but they show its existence by making the wrong appear."

In this case the inconsistencies which exist between plaintiff's general allegations and the contract documents and extension agreements setting forth the reasons for delay in the work make it necessary for us to accept the latter. Where any inconsistency exists between the allegations of a complaint and a written instrument, to-wit, the contract documents in this case, the latter will prevail and in this context a demurrer does not admit the truth of averments in a complaint conflicting with the exhibits. *Elliott-Rowland Corporation v. Arcway Realty Company, Inc.*, 180 Pa. Superior Ct. 99 (1955), *Cohen v. Carol*, 153 Pa. Superior Ct. 596 (1943), particularly, where the averments in the complaint are so manifestly inadequate, and the court has no basis for taking them or any inference to be drawn from them in a light most favorable to plaintiff. *Lerman v. Rudolph*, 413 Pa. 555 (1964).

There is no fact set forth in plaintiff's complaint which would support a contention that the work would not have been completed on time had it not been delayed by strikes and job site conditions for which defendant was not responsible. All plaintiff's allegations may be true, but lacking reference to time, place or nature of defendant's purported disruptive action no implication can be drawn that excluding the delays covered in the extension agreement for which defendant was not responsible the work would not have proceeded as originally contemplated in the contract. It is this

failure by plaintiff to point out specifically how defendant obstructed plaintiff's work in a manner not contemplated by the contract and for which it is liable that makes this case different from those cases cited by plaintiff in support of its position.

The plaintiff has had two opportunities to plead a proper case. The allegations purporting to set forth a cause of action are the same in the amended complaint as those in the original complaint. In ten allegations, twice pleaded, the plaintiff has been unable to supply that one fact which would justify a claim for the recovery of additional expenses incurred in completing the work. It is our opinion that a third or fourth attempt would be as futile as the first two.

The order of the lower court is affirmed.