430 A.2d 1006

**Frank E. LONGO and Mamie L. Longo, Appellants,**

v.

**Joseph Samuel RAGO and Josephine Rago.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1980.

Filed June 5, 1981.

Louis Lessem, Pittsburgh, for appellants.

Dennis St. J. Mulvihill, Pittsburgh, for appellees.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

LIPEZ, Judge:

The court below sustained appellees' preliminary objection in the nature of a demurrer to appellants' complaint. We reverse and remand.

Appellants' complaint alleges, in relevant part:

7.  Beginning on or before January 6, 1946, Plaintiffs enjoyed a free and uninterrupted use of such driveway portion of Defendants' property for the purpose of ingress and egress by foot and by vehicular traffic to reach the rear portion of their property.

8.  Plaintiffs' predecessors in title since October 8, 1920 had enjoyed a free and uninterrupted use of said driveway for the purpose of ingress and egress by foot and later by vehicular traffic to reach the rear portion of what is now Plaintiffs' property.

9.  Said use continued until in or around 1974 when the gate in a fence, which had been constructed in or around 1969, was locked for the first time, thereby denying to the Plaintiffs use of the aforementioned driveway.

10.  Plaintiffs aver that the use of said driveway by them and by their predecessors in title was open, visible, continuous and notorious, and that said use had continued for more than twenty-one years.

. . . . .

12.  Plaintiffs further aver that although Defendants acquired their property in 1952, no attempt was made at time nor [sic] at any subsequent to restrict Plaintiffs' use of the driveway until 1974 when said gate was first locked thereby obstructing Plaintiffs' use.

Appellees objected on the grounds that the complaint did not allege that appellants' use of the driveway had been adverse and hostile to appellees' interest therein. The court below agreed. We do not agree with appellants' contention that their complaint pleads implicitly that their use of appellees' property was not by appellees' permission; the complaint is plainly ambiguous on this issue. *See Shinn v. Rosenberger*, 347 Pa. 504, 507, 32 A.2d 747, 748 (1943). The lower court erred, however, in not allowing appellants the opportunity to amend their complaint.

The question before the court [is] not solely whether, under the facts as stated, plaintiff could recover, but whether the claim as stated excluded the possibility of recovery under a better statement of facts.

*Adler v. Helsel,* 344 Pa. 386, 389, 25 A.2d 714, 715 (1942), *quoting Winters v. Pennsylvania R. Co.,* 304 Pa. 243, 247, 155 A. 486, 487 (1931). Appellants should be given an opportunity to amend their complaint. *Adler v. Helsel, supra, id.*

The order of the court below is reversed, and the cause remanded for further proceedings consonant with this opinion.