434 A.2d 1301

Henry F. RYMAN, Appellant,

v.

MICROCOM CORP., Frank Shandelman, Marvin Steinberg and Charles Rosen.

Superior Court of Pennsylvania.

Argued Jan. 20, 1981.

Filed Sept. 18, 1981.

Andrew C. Hecker, Philadelphia, for appellant.

George J. Hartnett, Philadelphia, for appellees.

Before HESTER, DiSALLE and POPOVICH, JJ.

PER CURIAM:

This appeal is taken from an order of court dismissing appellant, Henry Ryman's, suit for failure to comply with Montgomery County Rule of Civil Procedure 302(d) (hereinafter Rule 302(d)). Appellant argues that Rule 302(d) was incorrectly applied to this case. We agree.

Initially, appellant's suit was dismissed pursuant to Pennsylvania Rules of Judicial Administration No. 1901 and Montgomery County Rule 406. On November 27, 1979, appellant filed a Petition to Open. On December 24, 1979, after appellees had filed their Answer, the Court ordered the case to be placed "on the Argument List, upon the filing of a praecipe, .... and allowing thirty (30) days for taking depositions if such be deemed necessary." On April 14, 1980, appellees, the non-moving parties, filed a praecipe to place the case on the Argument List. Appellant filed a transcript of his deposition on April 30, 1980. Appellant, however, did not file a brief and on May 19, 1980, the court ordered appellant's Petition to Open dismissed pursuant to Rule 302(d). Appellant's Petition for Reconsideration was denied and this appeal was taken.

Rule 302(d) provides, in pertinent parts, that:

[T]he moving party or parties shall file its brief within thirty (30) days of the filing of the Motion, Petition or Preliminary Objection,....

*　　*　　*　　*　　*　　*

If the briefs of either the moving party or responding party are not timely filed within the period above stated, unless the time shall be extended prior thereto by the Court for good cause and reason shown, ... the Court shall, without further notice, mark the Motion, Petition or Preliminary Objection granted or dismissed, depending upon which party does not comply with the brief filing requirements of this rule.

We find Rule 302(d) to be inapplicable to the instant case. First, the Rule requires a brief to be filed within 30 days of the filing of a "Motion, Petition or Preliminary Objection,"

not within 30 days of the filing of a praecipe. Furthermore, the Rule provides that "[t]he moving party shall file a praecipe... at the time it files its Appealable matter ...." Here, the non-moving parties filed the praecipe, and the wording of the court order gave appellant no clear indication that the briefing requirements of Rule 302(d) would be activated by the filing of the praecipe.

The Order is vacated and the case is remanded for the filing of briefs and a hearing.

POPOVICH, J., concurs in the result.