442 A.2d 284

**HARLEY DAVIDSON MOTOR CO., INC., Appellant,**

v.

**Robin HARTMAN and Linda Hartman.**

Superior Court of Pennsylvania.

Argued Jan. 7, 1981.

Filed Feb. 26, 1982.

38

David H. Radcliff, Harrisburg, for appellant.

William M. Brandt, Palmyra, for appellees.

Before PRICE, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

This is an appeal from an order dismissing a complaint in assumpsit after plaintiff's counsel had neglected to file a

brief, as required by Lebanon County Rule 1028,[1] in response to defendants' preliminary objections. We reverse.

On May 27, 1980, appellant, Harley Davidson Motor Co., Inc., filed a complaint in assumpsit against Robin and Linda Hartman, appellees, alleging that appellees had guaranteed the payment of certain advances made by appellant to Harrisburg Harley Davidson, Inc. On June 16, 1980, appellees filed preliminary objections in the nature of a demurrer, together with a supporting memorandum of law. The preliminary objections contended (1) that the written contract was incomplete because it failed to state the amount of the obligation being guaranteed, and (2) that the contract disclosed that appellant's contractual rights thereunder had been assigned to another company. A copy of the prelimi-

1. Lebanon County Local Rule 1028 provides as follows:
"RULE 1028. PRELIMINARY OBJECTIONS: SPECIAL PROCEDURE.
"A. All preliminary objections shall be accompanied by a brief or a memorandum of law containing a concise statement of the legal contention and authorities relied upon in support of said preliminary objections. A copy of each such preliminary objection and memorandum or brief shall be served upon the opposing party.
"B. Any party desiring to oppose the sustaining of the preliminary objections shall file with the Court within ten (10) days after service of the copy of the preliminary objections and memorandum or brief, a brief or memorandum of law containing a concise statement of the legal contentions and authorities relied upon in opposition to the sustaining of the preliminary objections.
"C. On the eleventh day after the service of all preliminary objections and briefs and memorandums of law upon all parties, unless an amended pleading has been filed, the prothonotary, on praecipe by a party, shall certify the entire record to the court for disposition.
"D. Upon receipt of the record the Court shall make such disposition as it deems appropriate, including, but not limited to, a sustaining or overruling of the preliminary objections based upon the briefs or memorandums before it, or ordering that the case be listed at the next regular term of argument court.
"E. The prothonotary, on praecipe of a party, shall issue a rule, returnable five (5) days after service, upon a party who has filed preliminary objections without a brief or memorandum, to show cause why the aforesaid preliminary objections should not be dismissed on motion for failure to file a brief or memorandum.
"F. Nothing herein shall prohibit any party from listing preliminary objections filed at a regular session of argument court."

nary objections and brief were sent to appellant via first class mail.

Lebanon County Rule 1028, Section B, provides that any party desiring to oppose the sustaining of preliminary objections shall file a brief or memorandum of law within ten days after service of the preliminary objections. Appellant's counsel neglected to file a responsive brief or memorandum of law.[2] On July 14, 1980, twenty-eight days later, appellees certified the records to the Lebanon County Court of Common Pleas for disposition pursuant to Lebanon County Rule 1028. When the preliminary objections came before the court, they were sustained, and an order was entered which dismissed the complaint without leave to amend.

Following notice of appeal, the trial judge prepared a memorandum opinion in which he wrote: "Where, as here, no opponent's brief or memorandum of law having been filed within ten days, we have consistently interpreted the rule as meaning that the party does not oppose the sustaining of the preliminary objections. We find the preliminary objections facially valid. In that no opponent's brief has been filed for nearly thirty days after the service of the preliminary objections, we can only assume that the plaintiff does not oppose our sustaining the preliminary objections."

Lebanon County Rule 1028 does not provide for any sanctions against a party who fails to file a brief or memorandum of law in opposition to preliminary objections. Rather, Section C establishes the procedure by which the record is certified to the Court, and Section D provides: "Upon receipt of the record the Court shall make such disposition as it deems appropriate, including, but not limited to, a sustaining or overruling of the preliminary objections based upon the briefs or memorandums before it, or ordering that the case be listed at the next regular term of argument court."

2. Appellant's counsel has represented in this Court that his failure to file a timely brief or memorandum of law was caused by a lack of awareness of the local rule adopted in Lebanon County.

In the instant case, the trial court observed that the preliminary objections were "facially valid" and dismissed the complaint for failure to file a brief or memorandum of law. This was not an "appropriate disposition" of appellees' preliminary objections. "To sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff." *Harkins v. Zamichieli*, 266 Pa. Superior Ct. 401, 404–405, 405 A.2d 495, 497 (1979), quoting *Schott v. Westinghouse Electric Corporation*, 436 Pa. 279, 282, 259 A.2d 443, 445 (1969).

Appellees contend that the trial court could properly assume that appellant's failure to file a responsive brief within ten days implied consent to an order sustaining the pending preliminary objections. We do so not understand the rule. In the first place, the rule permits no sanctions for failing to file a responsive brief and does not excuse the court from making an "appropriate disposition." It does, to be sure, vest substantial discretion in the trial court; but the exercise of that discretion is always subject to review on appeal. Moreover, if Section B is to be interpreted as permitting an inference that a non-filing party does not desire "to oppose the sustaining of the preliminary objections," such an inference cannot be stretched to include consent to the dismissal, without leave to amend, of a complaint where there has been no judicial determination that it fails to state a cause of action.

■ Appellees also argue that the court, by determining that the objections were "facially valid," did consider the substance of appellant's complaint and found it inadequate. A close examination of the court's opinion, as well as the complaint and preliminary objections thereto, discloses, as appellant contends, that the trial court did not consider the sufficiency of the complaint but based its order solely on the failure of appellant's counsel to file timely a responsive brief or memorandum of law. This failure of the trial court to consider the sufficiency of the complaint before sustaining appellees' preliminary objections and dismissing the complaint without leave to amend was an abuse of discretion.

■ Even where a trial court sustains preliminary objections on their merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend. "There may, of course, be cases where it is clear that amendment is impossible and where to extend leave to amend would be futile. . . . [However], [t]he right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully." *Otto v. American Mutual Insurance Company*, 482 Pa. 202, 205, 393 A.2d 450, 451 (1978). "In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter final judgment, but must give the pleader an opportunity to file an amended complaint. . . . This is not a matter of discretion with the court but rather a positive duty." *Framlau Corporation v. County of Delaware*, 223 Pa. Superior Ct. 272, 276, 299 A.2d 335, 337 (1972). See also: *Longo v. Rago*, 287 Pa. Superior Ct. 509, 510, 430 A.2d 1006, 1007 (1981); *Mace v. Senior Adult Activities Center of Montgomery County*, 282 Pa. Superior Ct. 566, 567, 423 A.2d 390, 391 (1980); *Itri v. Lewis*, 281 Pa. Superior Ct. 521, 524, 422 A.2d 591, 593 (1980); *Mellon Bank, N.A. v. Joseph*, 267 Pa. Superior Ct. 307, 312, 406 A.2d 1055, 1057 (1979); 2 Goodrich-Amram, Standard Pa. Practice § 1028(e):2 and § 1017(b):11.

We conclude, therefore, that the trial court abused its discretion when it dismissed the complaint without leave to amend and thereby put appellant out of court without ever considering the sufficiency of the cause of action alleged in the complaint.

■ When Lebanon County Rule 1028 is construed to require the trial court in all instances to exercise its discretion to make an appropriate disposition of preliminary objections, it is clear that the rule is not in conflict with the Rules of Civil Procedure.[3] It provides merely for prompt submis-

---

**3.** Compare Lebanon County Rule 1028 with Montgomery County Rule 302(d), as construed by this Court in *Seidel v. Great Factory Store*, 291 Pa. Superior Ct. 255, 435 A.2d 896 (1981); *Ryman v.*

sion of preliminary objections to the court, which is thereupon required to consider them, with or without briefs, and make an appropriate disposition. It is not appropriate, however, for the court to dismiss a complaint finally without considering the sufficiency of the complaint or the possibility that a defective complaint can be cured by amendment.

Because we remand we do not now decide the sufficiency of the cause of action alleged in the complaint. This issue, as we have observed, was not considered by the trial court and was not argued on appeal.

Reversed and remanded for further proceedings consistent with the foregoing opinion.

*Microcom Corp.*, 290 Pa. Superior Ct. 577, 434 A.2d 1301 (1981); *Dunham v. Temple University*, 288 Pa. Superior Ct. 522, 432 A.2d 993 (1981); *Shapiro v. Albright*, 287 Pa. Superior Ct. 414, 430 A.2d 672 (1981); *Hesselgesser v. Glen-Craft Contractors, Inc.*, 287 Pa. Superior Ct. 319, 430 A.2d 305 (1981) (allocatur granted).