**C&K Enterprises Inc. v.
Dallas Area Municipal Authority**

*Philip T. Medico Jr.,* for plaintiff C&K Enterprises Inc. and Searles Sanitation.

*Albert J. Flora,* for plaintiff Dave Wojciechowicz, t/a Dave's Sanitation.

*David Heisler* and *Robert N. Opel II,* for defendant Kingston Township.

*Frank Townend,* for defendant Dallas Township.

*Benjamin R. Jones III,* for defendant Dallas Area Municipal Authority.

*Theodore L. Krohn* and *John S. Fine Jr.,* for defendant Dallas Borough.

TOOLE, *P.J.,* August 12, 1992—This matter comes before the court on preliminary objections by defendant, Dallas Area Municipal Authority, Kingston Township, Kingston Township Board of Supervisors, Dallas Township, Dallas Township Board of Supervisors, Dallas Borough, (township defendants), to the complaint filed by plaintiffs, C&K Enterprises Inc., Searles Sanitation and Dave Wojciechowicz, t/a Dave's Sanitation (plaintiffs).[1] Plaintiffs' complaint alleges claims for tortious interference of contract and prospective contracts, deprivation

---

1. Also named as defendants were the individual persons who comprise each of the Board of Supervisors and the DAMA Commission.

of substantive due process under 42 U.S.C. §1983, and Article 1 and 17 of the Pennsylvania Constitution and deprivation of procedural due process under 42 U.S.C. §1983 and Article 1, section II of the Pennsylvania Constitution. Timely objections and briefs were filed. Oral argument was entertained by the court and the matter is ripe for resolution at this time.

Plaintiffs' complaint arises out of the actions taken by each township defendant to enact ordinances which regulate the collection, transportation and disposal of solid waste in each of the municipalities. Prior to the ordinances taking effect on July 1, 1991, each resident of these municipalities was free to arrange for the disposal of their waste. Plaintiffs were all licensed businesses in the solid waste disposal business and had each entered into oral agreements with residents to dispose of the waste. The agreements were for one calendar year periods with practically assured renewals. Simply stated, after the ordinance went into effect, their business with residents in the municipalities terminated completely.

Upon enacting the ordinances, the municipalities named defendant DAMA as their agent to properly carry out the terms of the ordinances. Defendant DAMA then contracted with Danella Environmental Technologies Inc., to actually collect, transport and dispose of the solid waste.[2] Since the ordinances had exclusivity provisions, under these terms, it was impossible for individual residents

---

2. It is not clear how Danella was awarded the duties as waste hauler for defendant DAMA or whether or not plaintiffs were given the opportunity to bid on the contract. Danella, however, is not a party to this lawsuit and therefore, proper procedure is presumed.

to use any other waste hauler other than through defendant DAMA.

As a result of the termination of their agreements with the residents, plaintiffs filed this suit alleging wrongful interference with existing or prospective contracts and that they have been deprived of their ability to earn a living and run a business. Specifically, plaintiffs argue that the actions of the township defendants constituted an invalid exercise of police power under color of state law and that they have been deprived of the rights of liberty to contract and engage in lawful occupation.

Defendants demur to and ask that we dismiss the complaint on the basis that the allegations fail to state any cause of action upon which relief can be granted.

The law in Pennsylvania when considering the preliminary objections in the nature of a demurrer is well known. A demurrer should only be sustained in those cases which are free and clear from doubt. *Legman v. Scranton School District,* 432 Pa. 343, 247 A.2d 566 (1968). Where any doubt exists as to whether or not preliminary objections should be sustained, that doubt should be resolved by refusing to sustain the objections. *Commonwealth v. Creamer,* 464 Pa. 2, 345 A.2d 702 (1975). To sustain a demurrer it must appear with certainty that upon the facts alleged the law will not permit recovery by plaintiffs. *Creamer, supra.* Preliminary objections in the nature of a demurrer admit as true all well pleaded material, factual averments and inferences fairly deducible therefrom, but no conclusions of law. *Greenspan v. United Services Auto Assn.,* 324 Pa. Super. 315, 471 A.2d 856 (1984). Further, if a demurrer is sustained,

the court must evaluate whether or not there is a reasonable possibility that the plaintiffs can amend the complaint to cure the deficiency. If so, the plaintiffs must be given that opportunity. *Harley Davidson Motor Co. Inc. v. Hartman,* 296 Pa. Super. 37, 442 A.2d 284 (1982). With the above as our guide, we shall evaluate defendants' proposals.

Defendants initially demur to Count I of plaintiffs' complaint claiming "tortious interference of contract and prospective contracts." The elements of tortious interference with contractual relations are set out in Restatement 2d of Torts, §766. They are: (1) an intentional or improper interfering with a performance of a contract; (2) between another and a third person; (3) inducing or otherwise causing the third person not to perform the contract; and (4) pecuniary loss. The issue before us is the propriety of defendants' actions or, as stated by the defendants, the absence of justification or privilege on the part of defendants.

A review of the case law cited in the briefs convinces us that municipalities do have the right to regulate, transport and dispose of the solid waste within their boundaries.[3] Clearly, the process of enacting the ordinances and entering into the agreements with defendant DAMA and Danella is not in and of itself grounds for the lawsuit filed by plaintiffs. Therefore, it is necessary to carefully review the allegations of the complaint to determine if in fact

---

3. See *C.E. Refuse Removal Service v. South Hanover Township,* 90 Dauphin Leg. J. 359 (1969); *Borough of Coopersburg v. Cliff,* 16 D.&C.2d 576 (1958); and *Clearfield Borough v. Rider,* 17 D.&C. 197 (1931).

plaintiffs have factually pled the requirements of tortious interference of contract and prospective contracts. In so doing, we are of the opinion that plaintiffs have not met their burden on this issue.

Plaintiffs' complaint alleges only that "through the adoption and enforcement of the aforesaid ordinance, intentionally and willfully engaged in misconduct with actual malice, by intentionally and improperly interfering with the existing contracts and prospective contractual relations between plaintiffs and adult residents and taxpayers...." Further, allegations again state only that the conduct of the township defendants acted willfully, intentionally, and with actual malice.[4] The allegations are conspicuously devoid, however, of factual averments to support the legal conclusions that are alleged. Nowhere in their complaint do plaintiffs allege the manner of impropriety conducted by the township defendants. Since the law does not prohibit the enactment of the ordinances, the lack of factual averments is sufficient to cause this court to agree with defendants that the demurrer to Count I of plaintiffs' complaint should be sustained.

To further bolster defendants' arguments and confirm our decision that the demurrer to Count I should be sustained, we take note of the language of the ordinance which is attached to plaintiffs' complaint.[5] Clearly, the regulation of the waste by the township defendants bears

---

4. Plaintiffs alleged the foregoing in several paragraphs and phrased the wording in several ways.

5. Plaintiffs have attached the complete ordinance of the Borough of Dallas. They have informed the court in paragraph 16 of the complaint, however, that each municipal ordinance is identical.

a real and substantial relationship to the health, safety and welfare of the residents. Additionally, the purpose of the ordinance was identified as being, in part, to handle the waste in the most efficient and economically sound manner, to reduce the volume of garbage and solid waste disposed of within the municipality, and to conserve natural resources and provide a clear and healthy environment to the residents. Plaintiffs have not alleged any facts in their complaint to counter the legitimate goals of the township to the residents. Plaintiffs have not alleged any facts in their complaint to counter the legitimate goals of the township defendants. Therefore, defendants' demurrer to Count I, tortious interference with contracts and prospective contracts, is hereby sustained.

Defendants demur to the remaining counts of the complaint relating to the deprivation of procedural and substantive due process. Specifically, defendants argue that the demurrer should be sustained in that plaintiffs have not been deprived of a constitutionally protected property right. Defendants' position is that the state of the law allows the township defendants to enact ordinances which monopolize and control the collections, transportation and disposal of residential waste. Further, in so doing, the fact that plaintiffs cannot continue with contracts in place does not rise to the level of unconstitutional impairment of contractual obligations.

Plaintiffs correctly highlight the lack of Pennsylvania case law directly on point. It incorrectly argues, however, that the lack of case law restricts this court's ability to sustain the demurrer. We believe the statutory law and the decisional law cited herein supports and sustains the actions of defendants. The Pennsylvania Borough Code

as well as the Pennsylvania Second Class Township Code, clearly grant the township defendants' authority for the ordinances enacted.[6] A comparison of the relevant Code sections with the ordinances reveals that the township defendants did not overstep the authority granted to them.

Although it is our opinion that the minimal case law coupled with legislative acts granting waste handling powers to the township defendants would support sustaining the demurrer, we cannot ignore the case law from other jurisdictions. Foremost, we find persuasive the U.S. Supreme Court cases cited by defendants, *California Reduction Co. v. Sanitary Reduction Works,* 199 U.S. 306 (1905), and *Gardner v. Michigan,* 199 U.S. 325 (1905), long ago established that municipalities can monopolize and control the business of waste handling, even if doing so terminates the competition and contracts of private waste haulers. Those cases unequivocally addressed the issue of due process rights of private haulers by holding that municipal monopolies of the garbage industry is not regarded as a taking of private property and substantive due process does not protect the property rights of garbage collectors. *Gardner, supra,* 199 U.S. at 333. These cases have continued to be the law. Plaintiffs' complaint does not contain any allegations nor its brief any argument prompting us to disregard these enunciations by the highest court of the land.

In reaching our decision, we have carefully considered the allegations in the plaintiffs' complaint as well as applicable statutory and decisional law. Our decision then has not been reached lightly. Allowing citizens to have

6. 53 P.S. §46202 and 53 P.S. §65708 respectively. With respect to defendant DAMA, see the Pennsylvania Municipal Authorities Act, 53 P.S. §306.

their day in court has become a cornerstone of our society. We cannot, however, ignore the rights of defendants by allowing this matter to continue as it is pleaded. Plaintiffs will be granted an opportunity, if possible, to correct the deficiencies. Therefore, we enter the following

## ORDER

It is hereby ordered and decreed that defendants' demurrer is sustained.

Plaintiffs shall have 30 days to file an amended complaint.