**Altman v. Penn Power Co.**

*Susan M. Papa,* for plaintiffs.
*Phillip L. Clark Jr.,* for defendant.

PICCIONE, *J.,* May 26, 2010—Before this court for disposition are defendant's preliminary objections to plaintiffs' complaint. The current action arises out of the placement of a telephone pole by Pennsylvania Power Company (defendant). Plaintiffs Harry D. Altman and Deborah A. Altman allege that the telephone pole was erected on their property at 134 Saint Clair Lane, Wampum, Pennsylvania.

On August 7, 2009, plaintiffs filed a two-count complaint against defendant with the first count in ejectment and the second count in trespass. In Count I, plaintiffs

request that the court order defendant to remove the telephone pole from their property. In Count II, plaintiffs argue that defendant's encroachment on their property has interfered with plaintiffs' use and enjoyment of their property. Plaintiffs request that the court enter judgment in their favor in an amount not in excess of $25,000. On August 26, 2009, defendant filed preliminary objections to plaintiffs' complaint. The court held a hearing regarding defendant's preliminary objections on April 26, 2010.

In the first preliminary objection, defendant asserts that plaintiffs' complaint fails to conform with Rule 1054 of the Pennsylvania Rules of Civil Procedure because the complaint contains no abstract of title. Further, defendant argues that plaintiffs provide no description of the land that is the subject of their complaint. As a result, defendant requests that the court dismiss plaintiffs' complaint.

Pa.R.C.P. 1028 states that a preliminary objection may be filed for the "failure of a pleading to conform to law or rule of court[.]" Pa.R.C.P. 1028(a)(2). In an action of ejectment, "[t]he plaintiff shall describe the land in the complaint[,]" and "[a] party shall set forth in the complaint or answer an abstract of the title upon which the party relies at least from the common source of the adverse titles of the parties." Pa.R.C.P. 1054. The requirement that the plaintiff set forth an abstract of title in a complaint is mandatory, and the failure to do so renders a complaint ineffective. *Visconti v. Garcia,* 3 D.&C.3d 367, 369 (1977); Goodrich-Amram 2d §1054:2; Standard Pennsylvania Practice §120:57.

Defendant is correct that plaintiffs' complaint fails to comply with Pa.R.C.P. 1054. The complaint does not contain a description of the land, and it does not set forth an abstract of title. As a result, the court is inclined to grant defendant's first preliminary objection. The court is not inclined, however, to dismiss plaintiffs' complaint. "Where a trial court sustains preliminary objections on the merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend." *Jones v. City of Philadelphia,* 893 A.2d 837, 846 (Pa. Commw. 2006). "If it is possible that the pleading can be cured by amendment, a court 'must give the pleader an opportunity to file an amended complaint . . . . This is not a matter of discretion with the court but rather a positive duty.'" *Id.* (citing *Framlau Corporation v. County of Delaware,* 223 Pa. Super. 272, 276, 299 A.2d 335, 337 (1972)). Therefore, defendant's first preliminary objection is sustained, and plaintiffs are granted leave to amend their complaint so that it may comply with Pa.R.C.P. 1054.

In the second preliminary objection, defendant correctly indicates that the complaint contains the allegation that plaintiffs are being denied the use and enjoyment of their property. Because the complaint contains no specifics as to how plaintiffs have been denied the use and enjoyment of their property, defendant claims to be unable to prepare an adequate defense to plaintiffs' allegations. Defendant requests that plaintiffs be required to file a more specific pleading.

Pa.R.C.P. 1028 permits preliminary objections based on insufficient specificity in a pleading. Pa.R.C.P. 1028(a)(3). Pa.R.C.P. 1019 provides that "[t]he material facts on which a cause of action or defense is based shall be

stated in a concise and summary form." Pa.R.C.P. 1019(a). The purpose of Rule 1019 is to give the defendant notice of what the plaintiffs' claim is and the grounds upon which it rests so that the defendant can prepare an adequate defense. *Lerner v. Lerner,* 954 A.2d 1229, 1235 (Pa. Super. 2008); *Yacoub v. Lehigh Valley Medical Associates,* 805 A.2d 579, 588 (Pa. Super. 2002). "[T]he complaint need not cite evidence but only those facts necessary for the defendant to prepare a defense." *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission* 950 A.2d 1120, 1134 (Pa. Commw. 2008). In determining whether an allegation is sufficiently specific, the allegation must be read in the context of the rest of the complaint. *Unified Sportsmen of Pennsylvania v. Pennsylvania Game Commission,* 950 A.2d 1120, 1134 (Pa. Commw. 2008).

The court agrees with defendant that plaintiffs' complaint does not give defendant notice of the grounds upon which plaintiffs' claims rest. Whether read in isolation or in the context of the complaint, the allegation that plaintiffs have been deprived of the use and enjoyment of their property does not allow defendant to prepare an adequate defense. Additional allegations concerning plaintiffs' claim to the property, the location of the telephone pole, and any other information detailing the denial of plaintiffs' use and enjoyment of the property would provide defendant with the necessary information to prepare a defense. Therefore, defendant's second preliminary objection is sustained, and plaintiffs are granted leave to amend their complaint.

In the final preliminary objection, defendant points out that no drawing of the property is attached to the com-

plaint even though plaintiffs allege that such a drawing marked as exhibit A is attached to the complaint. Defendant argues that the failure to attach the drawing is a violation of Pa.R.C.P. 1019 and requests that the court dismiss plaintiffs' complaint.

As stated above, a preliminary objection may be filed for the "failure of a pleading to conform to law or rule of court[.]" Pa.R.C.P. 1028(a)(2). Rule 1019 states that "[w]hen any claim or defense is based upon a writing, the pleader shall attach a copy of the writing, or the material part thereof[.]" Pa.R.C.P. 1019(i). Defendant is correct that no drawing is attached to plaintiffs' complaint; however, the failure to attach the drawing is not a violation of Pa.R.C.P. 1019(i) because plaintiffs' claim is not necessarily based on the drawing. In their complaint, plaintiffs must describe the land and set forth an abstract of title in accordance with Pa.R.C.P. 1054. Plaintiffs must also provide further information about the location of the telephone pole and their property as well as how defendant is encroaching upon plaintiffs' property. If plaintiffs do so, they are not required to attach a drawing of the property to the complaint. Plaintiffs must, however, attach a copy of an exhibit if their complaint indicates that such an exhibit is attached. Because plaintiffs' complaint does not violate Rule 1019(i) and is not subject to dismissal, defendant's final preliminary objection is overruled.

## ORDER

And now, May 26, 2010, the court having held a hearing on April 26, 2010 regarding defendant's preliminary

522

objections to plaintiffs' complaint, with Susan M. Papa, Esquire, appearing and representing the plaintiffs, and Phillip L. Clark Jr., Esquire, appearing and representing the defendant, the court finds and it is hereby ordered and decreed as follows:

(1) Defendant's first preliminary objection alleging failure to conform to rule of court is hereby sustained pursuant to the attached opinion.

(2) Defendant's second preliminary objection alleging insufficient specificity is hereby sustained pursuant to the attached opinion.

(3) Defendant's third preliminary objection requesting dismissal for failure to attach a writing is hereby over-ruled pursuant to the attached opinion.

(4) Plaintiffs are granted a period of 20 days from the date of this order to file an amended complaint

(5) The prothonotary shall properly serve notice of this order and attached opinion upon counsel of record; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.