**Cousins v. Shenango Twp.**

*Susan M. Papa,* for plaintiff.
*Suzanne B. Merrick,* for defendants.

PICCIONE, *J.,* February 9, 2011—Before the court for consideration are preliminary objections filed on behalf of the defendants, Shenango Township and Brian Tanner, individually and as agent/manager of Shenango Township. After hearing argument on defendants' preliminary objections, having considered the applicable case law as well as briefs filed on behalf of the respective parties, defendants' preliminary objections are granted in part and denied in part for the following reasons.

According to plaintiff's complaint, plaintiff became entitled to certain benefits pursuant to a qualified domestic relations order ("QDRO") from the divorce action between her and her former spouse, David Rishel. Mr. Rishel was previously employed by Shenango Township and was a member of the township's pension plan. Mr. Rishel began

receiving his pension benefits in April of 2003.

Brian Tanner is purported to be an authorized agent of Shenango Township and solely responsible for its business affairs, including distribution of pension benefits. Plaintiff contends that the defendants knew she was entitled to a portion of David Rishel's pension benefits, upon said benefits obtaining payment status, but failed to distribute the benefits due to plaintiff pursuant to the QDRO previously entered. Plaintiff believes the inaction of the defendants is willful and intentional, thereby constituting fraud, malice or oppression, and plaintiff, therefore, requests punitive and exemplary damages.

On August 18, 2009, the plaintiff filed a complaint, and the defendants subsequently filed preliminary objections, which present the following arguments:

1. Plaintiff has failed to allege any facts to show the existence of a contract between plaintiff and defendants.

2. Plaintiff has failed to allege any facts to suggest that defendant, Brian Tanner, was a party to a contract with plaintiff.

3. Plaintiff's claim for "bad faith" should be dismissed pursuant to Pa.R.Civ.P. 1028(2) and (4), as it is duplicative of plaintiff's breach of contract claim set forth in count I of the complaint.

4. Plaintiff's claims for punitive damages should be dismissed pursuant to Pa.R.Civ.P. 1028(2) and (4) as punitive damages are not recoverable for a breach of

contract.

5. Plaintiff's claim of fraud should be stricken pursuant to Pa.R.Civ.P. 1028(2), (3) and (4), as plaintiff has failed to allege any facts to support such a claim.

6. Plaintiff has violated Pa.R.Civ.P. 1019(i) because a copy of the written contract has not been attached to the original complaint.

On October 25, 2010 this court heard oral argument on defendants' preliminary objections, and the matter is now before the court for determination.

Defendants' first preliminary objection is raised in the nature of a demurrer, and asserts that plaintiff has failed to set forth any facts to support the statement that a contract existed between the plaintiff and the defendants. Pennsylvania Rule of Civil Procedure 1028(a)(4) allows for preliminary objections based on legal insufficiency of a pleading. It is well established in Pennsylvania law that a preliminary objection in the nature of a demurrer can be sustained and a complaint dismissed when the complaint is clearly insufficient on its face to establish the pleader's right to relief. *Cooper v. Franford Health Care System, Inc.,* 960 A.2d 134, 143 (Pa. Super. 2008); See, e.g., *Mazzagatti v. Everingham,* 512 Pa. 266, 516 A.2d 672 (1986); *County of Allegheny v. Commonwealth,* 507 Pa. 360, 490 A.2d 402 (1985); *Cianfrani v. State Employees' Retirement Board,* 505 Pa. 294, 479 A.2d 468 (1984).

In testing the legal sufficiency of a complaint, a court may only look to the pleadings itself, and may not consider

testimony or other evidence outside of the complaint. *Cooper v. Franford Health Care System, Inc.*, 960 A.2d 134, 143 (Pa. Super. 2008). However, all well-plead allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true. *Hess v. Fox Rothchild, LLP*, 925 A.2d 798, 805 (Pa. Super. 2007); *Tucker v. Philadelphia Daily News*, 757 A.2d 938, 941-42 (Pa. Super. 2000). "To sustain preliminary objections in the nature of a demurrer, it must appear with certainty that, upon the facts averred, the law will not permit recovery by the plaintiff." *Harkins v. Zamichieli*, 405 A.2d 495, 497 (Pa. Super. 1979), quoting *Schott v. Westinghouse Electric Corporation*, 259 A.2d 443, 445 (Pa. 1969). The sustaining of a demurrer results in the denial of a claim or the dismissal of a suit, and should therefore be sustained only in cases that are clear and free from doubt. *R.W. v. Manzek*, 888 A.2d 740, 749 (Pa. 2005); *Bourke v. Kazara*, 746 A.2d 642, 643 (Pa. Super. 2000).

With respect to count I of the complaint, the court finds there are sufficient facts to support a finding that there was in fact an affirmative duty owed to the plaintiff by the defendants to properly distribute specific benefits from her former spouse's pension plan as required by order of court. The complaint specifically sets forth that the plaintiff's former spouse, David Rishel, started receiving benefits on April 23, 2003. From these facts, the court can reasonably infer that a contractual relationship exists between the defendants' and the plaintiff's former spouse. See *Abbott v. Schnader, Harrison, Segal & Lewis, LLP,*

805 A.2d 547 (Pa. Super. 2002) (citing *Retirement Board of Allegheny County v. McGovern*, 174 A. 400, 404-05 (Pa. 1934) (when conditions are satisfied and an employee has earned retirement pay, pay becomes a vested right of which the employee cannot be deprived, since it has ripened into full contractual obligation).

At this stage of the proceedings, however, the court is not convinced that the complaint states sufficient facts to establish or reasonably infer that the same contractual duty owed to David Rishel was owed to the plaintiff. Additionally, plaintiff has not provided the court with any case law in support of this proposition, nor was the court able to find any that the contractual rights belonging to David Rishel are transferable to plaintiff via a QDRO. For the reasons set forth above, defendants' first preliminary objection that plaintiff's complaint fails to establish the existence of a contract is sustained.

The court will grant plaintiff leave to amend her amended complaint with respect to count I, and is directed to include a copy of the writing upon which her contract claims are based, or in the alternative, set forth legal justification for this court to impose some contractual duty upon the defendants.

The court finds that allowing plaintiff leave to amend is appropriate in this case, because the defective pleading has the ability to be cured by filing an appropriate amended compliant. "The right to amend should not be withheld where there is some reasonable possibility that amendment can be accomplished successfully." *Otto v. American*

*Mutual Insurance Company,* 393 A.2d 450, 451 (Pa. 1978). "In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amendment, a court may not enter final judgment, but must give the pleader an opportunity to file an amended complaint....This is not a matter of discretion with the court but rather a positive duty." *Framlau Corporation v. County of Delaware,* 223, 299 A.2d 335, 337 (Pa. Super. 1972). See also: *Longo v. Rago,* 430 A.2d 1006, 1007 (Pa. Super. 1981); *Mace v. Senior Adult Activities Center of Montgomery County,* 423 A.2d 390, 391 (Pa. Super. 1980); *Itri v. Lewis,* 422 A.2d 591, 593 (Pa. Super. 1980).

Defendants' second preliminary objection argues that plaintiff's complaint has failed to state a claim against defendant Brian Tanner. In support of their objection, the defendants argue that Brian Tanner was not a party to any alleged contract between the plaintiff and Shenango Township. Defendants further cite the case of *Banacol Marketing Corp. v. Penn Warehousing and Distribution, Inc.,* 904 A.2d 1043, 1048 (Pa. Cmwlth. 2006) (a contract cannot be maintained against a person or entity who is not a party to the contract).

Although defendants' enunciation of the applicable case law is accurate, the court finds that it is necessary and appropriate to include Brian Tanner as a defendant in this action, as the complaint sets forth sufficient facts to establish that Brian Tanner is an agent of Shenango Township and solely responsible for its business affairs, including distribution of pension benefits. See e.g. *Campanaro v. Pennsylvania Electric Company,* 656 A.2d

491 (Pa. Super. 1995). In the event that it is later discovered that the actions of Brian Tanner were outside the scope of his employment plaintiff's argument, that she would be remiss in failing to name Brian Tanner as a defendant at this time, is correct. Defendants' second preliminary objection is therefore dismissed.

Defendants' third preliminary objection asserts that plaintiff's count II of the complaint is duplicative of count I and should therefore be dismissed pursuant to Pa.R.C.P. 1028(2) and (4). In support of this objection, defendants in their brief cite the case of *LSI Title Agency, Inc. v. Evaluation Servs.*, 951 A.2d 384, 391-92 (Pa. Super. 2008) (the claim for breach of the implied covenant of good faith and fair dealing is subsumed in a breach of contract claim). Although plaintiff counters in her brief to the court that count II of the complaint is a separate and distinct claim from her claim for breach of contract, the court is unaware of any unauthorized claim in Pennsylvania for bad faith, with the exception of a bad faith claim against an insurer, pursuant to 42 Pa.C.S. § 8371. Accordingly, the court sustains defendants' third preliminary objection, and count II of the complaint is dismissed.

The court finds that a determination on the remainder of defendants' preliminary objections is not necessary in light of the discussion set forth above. Accordingly, the court will enter the attached order in accordance with this opinion.

## ORDER

And now, February 9, 2011, the court having heard oral argument on preliminary objections filed on behalf

of the defendants, and the court also receiving briefs filed on behalf of the parties, it is hereby ordered, adjuged and decreed as follows:

1.   Defendants' first preliminary objection that plaintiff has failed to allege any facts to show the existence of a contract between plaintiff and defendants is sustained, however, plaintiff is granted leave to amend his amended complaint with respect to count I.

2.   Defendants' second preliminary objection that plaintiff has failed to allege any facts to suggest that defendant, Brian Tanner, was a party to a contract with plaintiff, is dismissed.

3.   Defendants' third preliminary objection that plaintiff's claim for "bad faith" should be dismissed is sustained.

4.   Defendants' remaining preliminary objections were not considered by the court, as they pertained to count II of the complaint which was dismissed by the court.

5.   The plaintiff is granted 30 days from the date this order is docketed in which to file an amended complaint with respect to count I.

6.   The prothonotary is directed to serve a copy of the this order and opinion upon counsel of record and any party not represented by counsel at their last known address as contained in the court's file.