IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael C. Romig,                          :
                    Petitioner             :
                                           :
        v.                                 :
                                           :
Pennsylvania Department of                 :
Corrections, Secretary George M.           :
Little, et al.,                            :    No. 249 M.D. 2023
                    Respondents            :    Submitted: April 8, 2025


BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                     FILED:  May 6, 2025


           Before this Court are the Pennsylvania Department of Corrections'
(Department) and former Department Secretary George M. Little's (Secretary)
(collectively, Respondents) Preliminary Objections (Preliminary Objections) to
Michael Romig's (Romig) pro se Petition for Review in the nature of a complaint
(Petition) filed in this Court's original jurisdiction.  After review, this Court sustains
Respondents' first Preliminary Objection, dismisses the Petition without prejudice,
and grants Romig 30 days to amend the Petition.

           Romig is currently an inmate at the State Correctional Institution at
Frackville.[1]  On May 23, 2023, Romig filed the Petition generally challenging the
Department's Inmate Mail and Incoming Publications Policy, DC-ADM 803

_____
[1] https://inmatelocator.cor.pa.gov/#/Result (last visited May 5, 2025).

(Policy),[2] as it relates to general mail and legal/privileged mail.  Romig requests in the Petition that changes be made to the Policy.  Romig seeks this Court to schedule "[b]riefings to decide if the [P]olicy should be changed due to its unconstitutionality[.]"  Petition at 2.

On June 21, 2023, Respondents filed the Preliminary Objections to the Petition, alleging therein that the Petition lacks specificity, that Romig failed to state a claim for which relief may be granted, and that the Petition should be dismissed under the doctrine of *lis pendens*[3] because Romig has another petition for review pending before this Court challenging the Department's mail policy.  *See Romig v. Wetzel* (Pa. Cmwlth. No. 684 M.D. 2019).[4]  Romig filed an answer to the Preliminary Objections on July 13, 2023.  On August 17, 2023, Respondents filed their brief in support of the Preliminary Objections.  On September 19, 2023, Romig filed his brief in opposition to the Preliminary Objections.[5]

---

[2]  *See*  https://www.pa.gov/content/dam/copapwp-pagov/en/cor/documents/about-us/doc-policies/803%20Inmate%20Mail%20and%20Incoming%20Publications.pdf (last visited May 5, 2025).

[3]  The doctrine of *lis pendens*, i.e. pendency of a prior action, applies when, in the previously filed case, the parties are the same, the rights are the same and the requested relief is the same.  The doctrine of *lis pendens* protects defendants from the harassment of having to defend several suits on the same cause of action at the same time.

*Swift v. Radnor Twp.*, 983 A.2d 227, 234 (Pa. Cmwlth. 2009) (citations omitted).

[4] On January 29, 2024, this Court dismissed Romig's petition for review in Docket No. 684 M.D. 2019 as moot.

[5]  "[I]n ruling on . . . preliminary objections, [this Court] must accept as true all well-pleaded material allegations in the petition for review" and any reasonable inferences that may be drawn from those averments.  *Meier v. Maleski*, . . . 648 A.2d 595, 600 ([Pa. Cmwlth.] 1994).  [This Court is] not, however, bound by legal conclusions, expressions of opinion, unwarranted inferences from facts, or argumentative allegations.  [This Court] may sustain preliminary objections only where the law makes clear that the petitioner cannot succeed on the claim, resolving any doubt in the

2

Respondents' first Preliminary Objection avers that the Petition must be dismissed because it lacks the requisite specificity. Pennsylvania Rule of Appellate Procedure (Appellate Rule) 1513(e) states: "A petition for review addressed to an appellate court's original jurisdiction shall contain the following . . . a general statement of the material facts upon which the cause of action is based[.]" Pa.R.A.P. 1513(e). This Court has also explained that in a petition for review in this Court's original jurisdiction,

> [a] party must plead the material facts on which a cause of action is based. [Civil Rule 1019(a),] Pa.R.C[iv].P. [] 1019(a). Averments of time, place, and special damage shall be stated specifically. [Civil Rule 1019(f),] Pa.R.C[iv].P. [] 1019(f).
>
> The purpose of a preliminary objection raising specificity is to ensure that an adverse party's ability to answer and defend will not be unduly impaired by a pleader's vagueness in stating the grounds of his suit. Thus, the purpose is to require the pleader to disclose the material facts sufficient to enable the adverse party to prepare his or her case.

*Stilp v. Commonwealth*, 910 A.2d 775, 786 (Pa. Cmwlth. 2006), *aff'd*, 974 A.2d 491 (Pa. 2009) (citation omitted).

Romig alleges in the Petition that he is "challenging the constitutionality of the Department['s] . . . [Policy] of [sic] which was enhanced in 2020, and relates to how inmates receive general mail, and legal/privileged mail."

---

petitioner's favor. "[This Court] review[s] preliminary objections in the nature of a demurrer under the above guidelines and may sustain a demurrer only when a petitioner has failed to state a claim for which relief may be granted." *Armstrong C[n]ty. Mem'l Hosp. v. Dep't of Pub. Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013).

*Pa. AFL-CIO v. Commonwealth*, 219 A.3d 306, 313-14 (Pa. Cmwlth. 2019) (citations omitted).

3

Petition at 1. He requests "changes be made to the policy." *Id*. Romig alleges the following *facts* in the Petition:

> 1.) [Romig] is currently detained by the Department . . . since the year of 2016. Where this [P]olicy directly affects his mail [sic].
>
> 2.) [Romig] has exhausted the grievance procedure ([G]rievance No[.] 1017998 [(Grievance)]). "[(] will be included in brief [)]."
>
> 3.) [The] Secretary's Office of Inmate Grievance and Appeals [] defaulted by failing to respond within 30 working days of appeal.
>
> 4.) It is clear that this has been an ongoing problem and this [P]olicy needs addressed [sic].

Petition at 1-2. Romig further provides in the Petition: "Notice for Respondents to Plead as to why the Policy should not be returned to pre[-]September 10, 2018 policy and procedure, where the [D]epartment[] has alternate measures available . . . and [Department] staff are at no greater risk than a [postal] worker in the community." Petition at 2. Romig includes no other facts in the Petition.

Even a cursory review of the Petition reveals that Romig has not pled in the Petition the "material facts on which [his] cause of action is based." *Stilp*, 910 A.2d at 786; *see also* Pa.R.A.P. 1513(e)(4); Pa.R.Civ.P. 1019. The Petition contains no allegations describing the incident(s) or other facts upon which the Petition is based or the times they allegedly occurred.[6] Such lack of specificity impairs

---

[6] Notably,

> [c]ourts reviewing preliminary objections may consider not only the facts pleaded in the [petition for review], but also documents or exhibits attached to the [petition for review], and based upon the averments and documentary support may address challenges to the legal sufficiency of the [petition for review].

Respondents' ability to prepare their defense. Thus, this Court sustains Respondents' first Preliminary Objection.

> This Court has explained:
>
> "[W]here a trial court sustains preliminary objections on the merits, it is generally an abuse of discretion to dismiss a complaint without leave to amend." *Harley Davidson Motor Co. v. Hartman*, . . . 442 A.2d 284, 286 ([Pa. Super.] 1982). If it is possible that the pleading can be cured by amendment, a court "must give the pleader an opportunity to file an amended complaint. . . . This is not a matter of discretion with the court but rather a positive duty." *Framlau Corp*[.] *v. C*[*nty.*] *of Del*[.], . . . 299 A.2d 335 ([Pa. Super.] 1972).

*Jones v. City of Phila.*, 893 A.2d 837, 846 (Pa. Cmwlth. 2006). Given that Romig's Petition is defective in that it lacks specific factual allegations describing the alleged challenged Department action, this Court concludes that by supplying such, it is possible that his pleading may be cured by amendment.

For all of the above reasons, Respondents' first Preliminary Objection is sustained, the Petition is dismissed without prejudice, and Romig may file an amended petition for review within 30 days.[7]

_____
ANNE E. COVEY, Judge

---

*Diess v. Pa. Dep't of Transp.*, 935 A.2d 895, 903 (Pa. Cmwlth. 2007). Although Romig references the Grievance in the Petition, he did not attach the Grievance to the Petition or describe the facts supporting the Grievance therein. Although Romig attached the Grievance and other information to his brief to this Court, in reviewing preliminary objections, this Court cannot consider exhibits attached to an inmate's brief. *See Thomas v. Corbett*, 90 A.3d 789 (Pa. Cmwlth. 2014).

[7] The remaining Preliminary Objections are dismissed as moot.

Michael C. Romig,                :
         Petitioner        :
                                  :
        v.                     :
                                  :
Pennsylvania Department of     :
Corrections, Secretary George M.  :
Little, et al.,              :   No. 249 M.D. 2023
         Respondents   :

## O R D E R

AND NOW, this 6th day of May, 2025, the Pennsylvania Department of Corrections' (Department) and former Department Secretary George M. Little's first Preliminary Objection is sustained. Michael C. Romig's Petition for Review is dismissed without prejudice to file an amended petition for review within 30 days of the date of this Order.

_____
ANNE E. COVEY, Judge