441 A.2d 429

**Richard A. SLAYBAUGH and Jean T. Slaybaugh, husband and wife, and Steven A. Slaybaugh and Judy L. Slaybaugh, husband and wife, and Mt. Ridge Farm, Inc., Appellants,**

v.

**James NEWMAN, individually, Boyd Sieg, individually, Al Flickinger, individually, Shirley Nace, individually, Joseph A. Myers, individually, and Joseph A. Myers Real Estate, Inc.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1981.

Filed Feb. 5, 1982.

Kenneth Lee Rotz, Gettysburg, for appellants.

Scott L. Kelley, Hanover, for appellees.

Before WICKERSHAM, WIEAND and MONTEMURO, JJ.

PER CURIAM:

In March of 1980, a complaint in trespass and in assumpsit was filed in the Court of Common Pleas of Adams County by appellants herein, Richard A. Slaybaugh and Jean T. Slaybaugh, his wife, Steven A. Slaybaugh and Judy L. Slaybaugh, his wife and Mt. Ridge Farm, Inc., a corporation, with its principal place of business in Adams County. The suit was against the Joseph A. Myers Real Estate, Inc. firm, as well as various named real estate salespersons or brokers. The complaint consisted of fifty-nine pages and one hundred eighty-six separate paragraphs, including an attached Exhibit A, Exhibit B and Exhibit C. The thrust of the complaint was that in February of 1979, Dean L. Carey and Doris L. Carey, his wife, were the owners of three tracts of real estate located in Adams County and that Wynbrook Farms, Inc., a Pennsylvania corporation, was the owner of three tracts of real estate in Adams County and that plaintiffs desired to purchase some of said real estate and that they had negotiations through the Joseph A. Myers Real Estate, Inc. corporate firm towards that end. The complaint went on to contend that the defendants, individually or jointly, conspired to cheat and defraud plaintiffs in the overall real estate negotiation and as a consequence, plaintiffs sustained certain alleged damage.

Defendants filed preliminary objections in the nature of a demurrer and on October 2, 1980, the defendants' demurrer was sustained and the complaint dismissed by President Judge Oscar F. Spicer. President Judge Spicer, however, permitted plaintiffs to file an amended complaint within twenty days of the date of his order.

Accordingly, plaintiffs filed an amended complaint of similar length and preliminary objections were filed thereto, including a motion to strike on the basis that the amended complaint was filed *two days late*, that is, on October 24, 1980, rather than on October 22, 1980.

President Judge Spicer handed down an order dated February 9, 1981 sustaining all of the defendants' preliminary objections and dismissing the amended complaint, pointing out that:

Defendants have moved to strike the amended complaint because it was not filed within the twenty (20) day period established in the Order pursuant to Pennsylvania Rule of Civil Procedure 1028(e).

Defendants acted promptly in moving to strike. Nonetheless, plaintiffs contend defendants are not entitled to have the motion sustained because defendants have not shown prejudice.

The Court is of the opinion that the motion must be granted.

Plaintiffs have not attempted to offer any reasonable excuse justifying their tardiness and we can find none in the record.

There being no demonstration whatsoever of any possible prejudice to the defendants by virtue of plaintiffs having filed their amended complaint two days late, we feel compelled in the interest of justice to reverse the order dismissing the amended complaint and hereby remand the record back to the Court of Common Pleas of Adams County in order that a determination may be made as to the legal merit and substance of the amended complaint. Jurisdiction is relinquished.

Reversed and remanded for proceedings consistent with this opinion.[1]

1. If the lower court finds that the amended complaint still is insufficient, it may refuse another opportunity to amend, and enter judgment for the defendants. *Lewison v. Vitti*, 24 Pa.Commonwealth Ct. 331, 356 A.2d 844 (1976) and *Framlau Corp. v. County of Delaware*, 223 Pa.Super. 272, 299 A.2d 335 (1972), where we said:

The question then remains, in disposing of defendant's demurrer, whether or not plaintiff's complaint is so inadequate that it cannot be cured by amendment. A plaintiff is entitled to amend if the complaint doesn't exclude the possibility of recovery under a better statement of facts. *Sullivan v. Philadelphia*, 378 Pa. 648, 107 A.2d 854 (1954); *Adler v. Helsel*, 344 Pa. 386, 25 A.2d 714 (1942). This is especially true when a plaintiff's claim is dismissed on a defendant's demurrer as in the instant case. *Savitz v. Weinstein*, 395 Pa. 173, 149 A.2d 110 (1959). If any material fact remains in dispute a judgment cannot be entered on a demurrer. *Arcadia Theatre Co. v. Segall*, 349 Pa. 412, 37 A.2d 594 (1944). In the event a demurrer is sustained because a complaint is defective in stating a cause of action, if it is evident that the pleading can be cured by amend-

ment, a court may not enter final judgment, but must give the pleader an opportunity to file an amended complaint. *Stevens v. Doylestown Bldg. and Loan Assoc.*, 321 Pa. 173, 183 A. 922 (1936). This is not a matter of discretion with the court but rather a positive duty. *Winters v. Penna. R. Co.*, 304 Pa. 243, 155 A. 486 (1931); *United Mercantile Agencies v. Slotsky*, 107 Pa.Super. 467, 164 A. 349 (1933). Conversely, if it clearly appears that a defective complaint cannot be cured, a demurrer to it and dismissal of the action is proper. *United Societies of Green Catholic Religion v. Klochak*, 340 Pa. 159, 16 A.2d 373 (1940); *Seitz v. Fulton National Bank*, 325 Pa. 14, 188 A. 569 (1936).

*Id.*, 223 Pa.Super. at 276, 299 A.2d at 337.