**Katherine MUTH, Larry Muth, Connie Armagost, James Armagost, Georgia Barker, William Barker, Charles Richards, Debbie Richards, Bernard Wright and Linda Wright, Appellants**

v.

**RIDGWAY TOWNSHIP MUNICIPAL AUTHORITY and Ridgway Township.**

Commonwealth Court of Pennsylvania.

Argued Sept. 14, 2010.

Decided Nov. 22, 2010.

---

Damion J. Beaver, Ridgway, for appellants.

Robert M. Hanak, DuBois, for appellee, Ridgway Township Municipal Authority.

BEFORE: PELLEGRINI, Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge BUTLER.

Katherine Muth, Larry Muth, Connie Armagost, James Armagost, Georgia Barker, William Barker, Charles Richards, Debbie Richards, Bernard Wright and Linda Wright (collectively, the Muths) appeal from the June 18, 2009 order of the Court of Common Pleas of the 59th Judicial District of Pennsylvania, Elk County Branch (trial court), granting the preliminary objections filed by Ridgway Township Municipal Authority (the Authority) in the nature of a demurrer to Count I of the Muths' initial complaint, and from the trial court's November 24, 2009 order sustaining the Authority's preliminary objections in· the nature of a motion to strike the Muths' amended complaint.[1] The issues

---

1. We note that the timing of the appeal at issue is curious given the dates of the orders now on appeal. Although the June 18, 2009 order was issued some five months prior to the November 24, 2009 order, it is nonetheless now properly before this Court. Because

Count II of the complaint remained following the issuance of the trial court's June 18, 2009 order, the dismissal of Count I was interlocutory and *not* final or otherwise appealable, given the 1992 adoption of the definition of final order as found in Pa.R.A.P. 341(b)(1)

before this Court are: (1) whether this appeal should be dismissed pursuant to Pa.R.A.P. 2188 for failure by the Muths to file their brief and reproduced record within the time prescribed by this Court; (2) whether the trial court erred by granting the Authority's preliminary objections in the nature of a demurrer to Count I of the Muths' initial complaint regarding vested rights; and (3) whether the trial court erred by sustaining the Authority's preliminary objections in the nature of a motion to strike the Muths' amended complaint as untimely. For the following reasons, we affirm the June 18, 2009 and November 24, 2009 decisions of the trial court.

The facts of this case are not in dispute. The Muths are the owners of residential property along Pennsylvania State Route 120, in the Township of Ridgway (Township), a Second Class Township in Elk County. The Authority provides water service to the Township. In July of 1990, the Township enacted Ridgway Township Ordinance # 59 (Ordinance 59), which mandated that all Township residents whose homes were within 150 feet of a municipal water line were required to connect to and exclusively use the municipal water system extension that was to be constructed.[2] Since the Muths were satis-

fied with their existing well water, they opposed the construction. In response, the Authority announced at a public meeting and in a letter dated October 10, 1990, that residents who did not wish to use the municipal water system would be exempted from the requirements of Ordinance 59, as long as they paid the tap fee and had the necessary piping installed. Those residents would not, however, be required to physically connect to the municipal water system or pay the required monthly fees. There was no indication in Ordinance 59 or in the October 10, 1990 letter that such exemption would survive any future repeal or amendment of Ordinance 59. The Township constructed the municipal water system. The Muths paid their required tap fee and had water lines installed from their homes to the water main. No amendment was made to Ordinance 59 to reflect the terms of the agreement between the Authority and the residents who opted out.

In February of 2002, the Authority notified the Muths by letter that connection to the municipal water system was mandatory. The Muths reminded the Authority that they were exempt from that requirement. The Township intervened stating that the Township and the Authority were

and (c). Those provisions provide that all claims in a multi-count complaint must be decided before an appeal can be taken. Prior to the 1992 amendments to Pa.R.A.P. 341, however, the trial court's order dismissing Count I would have been final and appealable, because the Muths' vested rights claim in Count I was separate and distinct from their equitable estoppel claim in Count II. Thus, under the prior state of the law, the Muths' appeal of the June 18, 2009 order would have been untimely and not properly before this Court. *See Borough of West Fairview v. Hess*, 130 Pa.Cmwlth. 385, 568 A.2d 709 (1989); *Hardy v. Pennock Ins. Agency, Inc.*, 365 Pa.Super. 206, 529 A.2d 471 (1987). It should be noted that those cases, and all similar cases, are distinguished from post-

1992 cases as they have been superseded by the 1992 amendments to Pa.R.A.P. 341.

2. Article II, Section I of Ordinance 59 enacted by the Township's board of supervisors in June of 1990 provided that:

> Except for any improved property which shall constitute an industrial establishment or a farm which has its own supply of water for uses other than human consumption, all owners of property accessible to and whose principal building or buildings are within *150* feet from the water lines of the Authority are required to make connection with such water system.

Original Record (O.R.), Muth Complaint, Ex. A at 5.

bound by their 1990 agreement with the residents who opted out of Ordinance 59. In 2006, the Township enacted Ridgway Township Ordinance # 93 (Ordinance 93), which repealed Ordinance 59, increased the mandatory hook-up distance from 150 feet to 300 feet, and specifically exempted individuals "exempted in writing by the Authority for good cause shown." Ordinance 93 Art. III, Section 301.[3] There was no writing exempting the Muths from the provisions of Ordinance 93. The Muths were notified by letter dated March 26, 2008 that their properties must be connected to the public water system.

■ On October 8, 2008, the Muths filed a complaint against the Township and the Authority seeking a permanent injunction on the basis that their rights to use their private water systems had vested, and the Township and the Authority were estopped from enforcing the mandatory water system connection due to the 18 years of permission the Muths had been given to use their private water systems. The Township filed preliminary objections in the nature of a demurrer to the complaint, which were sustained by the trial court by order filed June 18, 2009, thereby dismissing the Township from this action on the basis that it has no enforcement power.[4] The Authority also filed preliminary objec-

tions in the nature of a demurrer as to the Muths' vested rights and estoppel claims, which were granted by the trial court's June 18, 2009 order, but the trial court granted leave for the Muths to amend their estoppel claim within 20 days. On July 6, 2009, the Muths filed a motion for reconsideration of its June 18, 2009 dismissal of its vested rights claim, which the trial court denied on August 18, 2009. On September 15, 2009, the Muths filed an amended complaint. On October 9, 2009, the Authority filed preliminary objections to the amended complaint on the basis that it was not timely filed.[5] By order filed November 24, 2009, the trial court sustained the Authority's objections, thereby striking the Muths' amended complaint. The Muths appealed to this Court.[6]

■ Initially, the Authority claims that the Muths' appeal should be dismissed pursuant to Pa.R.A.P. 2188, due to their failure to file a designation of the contents of the reproduced record, brief and reproduced record within the time prescribed by this Court. We disagree.

Pa.R.A.P. 2188 states, in pertinent part, "[i]f an appellant fails to file his designation of reproduced record, brief or any required reproduced record within the time prescribed by these rules, or within the time as extended, an appellee may

---

3. Ordinance 93 stated, in pertinent part:

    Unless expressly exempted in writing by the Authority for good cause shown, all owners of property accessible to the public water system and whose principal building or buildings are within three hundred (300) feet of the public water system of the Authority are required to make connection at their sole cost and expense with such water system. . . .

    O.R., Authority Prelim. Objections to Muths' Complaint, Ex. 2 at 5.

4. On February 19, 2010, the Township filed with this Court a notice of non-participation.

5. The Authority also objected on the basis that the Muths' amended complaint failed to state sufficient facts to support a claim for relief under the doctrine of estoppel. However, since the trial court sustained the Authority's motion to strike for failure to conform to a rule of court, this issue became moot.

6. "In an appeal from a common pleas order sustaining preliminary objections and dismissing a complaint, our scope of review is to determine whether an error of law was committed, or an abuse of discretion occurred." *Muncy Creek Twp. Citizens Comm. v. Shipman*, 132 Pa.Cmwlth. 543, 573 A.2d 662, 663 (1990).

move for dismissal of the matter." This Court notified the parties that the Muths' brief and reproduced record were due March 22, 2010. On March 22, 2010, the Muths sought an extension to file their brief and reproduced record, which this Court granted until May 21, 2010. When the Muths' documents were not filed as of June 1, 2010, this Court ordered that they be filed by June 17, 2010 "or [their] notice of appeal shall be dismissed as of course." The Muths then timely filed their brief and reproduced record on June 3, 2010. Therefore, while it is undisputed that the Muths did not file their brief and reproduced record on either the date initially set or thereafter extended by this Court, the documents were filed "within the time prescribed" by this Court, so their June 3, 2010 filings met the requirements of Pa. R.A.P. 2188. Moreover, since the basis of this appeal is procedural in nature, and the trial court supplied the original record from which this Court can conduct a meaningful review, we do not find that the Muths' failure to file a designation of contents of the reproduced record is fatal to the Muths' appeal. Therefore, the Muths' appeal will not be dismissed for violation of Pa.R.A.P. 2188.

■ The Muths claim on appeal that the trial court erred by sustaining the Authority's preliminary objections in the nature of a demurrer to Count I of the Muths' initial complaint regarding vested rights by order of June 18, 2009. We disagree. "For preliminary objections to be sustained, it must appear with certainty that the law will permit no recovery...." *Smith v. Pa. Emps. Benefit Trust Fund*, 894 A.2d 874, 881 (Pa.Cmwlth.2006). "The vested rights doctrine permits a landowner to use his property without obtaining a variance. However, the doctrine only applies to those cases where the applicant, in good faith, relies upon a permit issued in

error and incurs significant non-recoverable costs." *Chateau Woods, Inc. v. Lower Paxton Twp.*, 772 A.2d 122, 126 (Pa. Cmwlth.2001) (citation omitted). This case does not involve costly reliance upon a permit issued by either the Township or the Authority. Accordingly, the Muths cannot claim nor recover against the Authority on the basis of vested rights. Since the vested rights doctrine is inapplicable to the facts of this case, the trial court properly sustained the demurrer as to Count I of the Muths' complaint.

■ The Muths also argue on appeal that the trial court erred on November 24, 2009 by sustaining the Authority's preliminary objections in the nature of a motion to strike the Muths' amended complaint as untimely. The Muths' argument is without merit. The trial court's June 18, 2009 order stated:

[The Authority's] demurrer is therefore sustained and [the Muths] shall file an amended complaint within 20 days from the date of entry of this Order to include specific averments regarding their acting or refraining from acting in a particular manner at the request or directive of the [Authority] and the particular prejudice suffered as a result of reliance upon [the Authority's] representation or misrepresentation.

Muths' Br., App. A. In addition, Pa. R.C.P. No. 1028(e) provides: "[i]f the filing of ... an amended pleading ... is allowed or required, it shall be filed within twenty days after notice of the order or within such other time as the court shall fix." The Muths' amended complaint as to their estoppel claim was required to be filed by July 8, 2009.

It is undisputed that the Muths filed their amended complaint on September 15, 2009, which was 69 days after they were ordered by the trial court to do so, and was clearly untimely. The Muths provided

no explanation, either in their brief or during argument before this Court, for the late filing of their amended complaint.[7] Instead, they cite several cases providing that amendments to pleadings should be liberally permitted except where prejudice to other parties will result, or where such amendment would be against a rule of law. *See Berman v. Herrick,* 424 Pa. 490, 227 A.2d 840 (1967); *Capobianchi v. BIC Corp.,* 446 Pa.Super. 130, 666 A.2d 344 (1995); *Gutierrez v. Pennsylvania Gas & Water Co.,* 352 Pa.Super. 282, 507 A.2d 1230 (1986); *Brooks v. McMenamin,* 349 Pa.Super. 436, 503 A.2d 446 (1986). The Muths' argument overlooks the fact that the trial court in this case did permit them to amend their pleading. Thus, it was not the trial court's discretion that put them out of court, but their disregard of the trial court's deadline.

The Muths also cite *Slaybaugh v. Newman,* 295 Pa.Super. 222, 441 A.2d 429 (1982), in which the Superior Court reversed the trial court's order sustaining a motion to strike plaintiffs' amended pleading when it was filed two days after the deadline set by the trial court, on the basis that the defendant failed to establish any prejudice resulting from filing the amended pleading. However, we find *Slaybaugh* distinguishable from the case at bar, since the Muths missed the deadline in this case by more than two months—a clearly more egregious disregard of the trial court's authority that warranted dismissal of the pleading.

Finally, this Court has held that "local courts are entitled to impose sanctions for noncompliance with procedural rules and such determinations will not be disturbed

absent an abuse of discretion." *Haney v. Sabia,* 59 Pa.Cmwlth. 123, 428 A.2d 1041, 1042 n. 2 (1981). Under these circumstances, wherein the Muths blatantly and without explanation or good cause disregarded a court order, the trial court did not abuse its discretion by sustaining the Authority's preliminary objections in the nature of a motion to strike the Muths' amended complaint as untimely.

Based upon the foregoing, the June 18, 2009 and November 24, 2009 orders of the trial court are affirmed.

### ORDER

AND NOW, this 22nd day of November, 2010, the June 18, 2009 and November 24, 2009 orders of the Court of Common Pleas of the 59th Judicial District of Pennsylvania, Elk County Branch, are affirmed.

---

**7.** Since the Muths' motion for reconsideration only referenced the vested rights claim stricken by the trial court, and since the law is clear that reconsideration requests do not toll ancillary filing deadlines, the Muths cannot attribute the delay to their motion for recon-

sideration. Moreover, even if this Court were to interpret the facts of this case such that the amended complaint was to be filed within 20 days from its August 19, 2009 order denying reconsideration, the Muths still missed the deadline by 7 days.