J-A12005-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| PREDRAG FILIPOVIC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GOVERNMENT EMPLOYEES | : | No. 1299 EDA 2022 |
| INSURANCE COMPANY A/K/A GEICO | : | |

Appeal from the Order Entered April 13, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 201100419

BEFORE: OLSON, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.: **FILED OCTOBER 17, 2023**

Appellant, Predrag Filipovic, appeals from April 13, 2022 order sustaining preliminary objections filed by Appellee, Government Employees Insurance Company A/K/A Geico ("Geico"). We affirm.

The relevant facts herein are not in dispute. Because we dispose of this matter on purely procedural grounds, we discuss them only briefly.

The matter arose after Appellant was involved in a minor, motor-vehicle accident in a car dealership parking lot. At that time, Appellant was the Named Insured on a Pennsylvania Family Automobile Insurance Policy issued by Geico. Ultimately, the car dealership's insurance company, Sentry Insurance, paid for the damage to the other vehicle involved in the motor-vehicle accident and then sought reimbursement from Geico. Upon receiving Sentry's demand,

Geico investigated the motor-vehicle accident, determined Appellant caused it, and reimbursed Sentry for its payment.

On November 5, 2020, Appellant commenced this action by filing a complaint against Geico, setting forth claims of statutory bad faith insurance practices, violation of the Unfair Trade Practices Consumer Protection Law ("UTPCPL"), breach of contract, and tortious interference with prospective business relations.[1]  On April 22, 2021, Geico filed preliminary objections to Appellant's complaint. Thereafter, on May 12, 2021, Appellant filed an amended complaint, setting forth the same claims against Geico as outlined above.  Geico filed preliminary objections to Appellant's amended complaint on May 17, 2021.  On August 30, 2021, the trial court sustained Geico's preliminary objections, dismissed Appellant's amended complaint without prejudice, and directed him to file a second amended complaint within 20 days.  Trial Court Order, 8/30/21, at 1-13.  On September 27, 2021, rather than file a second amended complaint as ordered, Appellant filed an appeal to this Court.  This Court quashed Appellant's appeal on December 20, 2021. Superior Court Order, 12/20/21, at 1.

On February 7, 2022, Appellant filed a second amended complaint, again claiming that Geico acted in bad faith, breached the terms of its insurance policy with Appellant, violated the UTPCPL, and tortiously interfered with prospective business relations.  Thereafter, on February 25, 2022, Geico filed

---

[1] The matter was removed to the United States District Court for the Eastern District of Pennsylvania on December 4, 2020, but later remanded.

preliminary objections to Appellant's second amended complaint. In particular, Geico moved to strike Appellant's second amended complaint as untimely and also argued that Appellant failed to set forth claims upon which relief could be granted. **See** Geico's Preliminary Objections to Appellant's Second Amended Complaint, 2/25/22, at 1-26. On April 13, 2022, the trial court sustained Geico's preliminary objections and dismissed Appellant's second amended complaint with prejudice. Trial Court Order, 4/13/22, at 1. This timely appeal followed.[2]

Appellant raises the following issue on appeal:

1. [Whether the trial court erred in sustaining Geico's preliminary objections and dismissing Appellant's second amended complaint with prejudice?]

**See generally** Appellant's Brief at 2-3

---

[2] Appellant failed to serve his notice of appeal on the trial court pursuant to Pa.R.A.P. 906(a)(2) ("Concurrently with the filing of the notice of appeal under Pa.R.A.P. 905, the appellant shall serve copies thereof, and of any request for transcript, and copies of a proof of service showing compliance with this rule, upon . . . (2) [t]he judge of the court below, whether or not the reasons for the order appealed from already appear of record."). Appellant did not serve the notice of appeal to the correct address and, as such, the trial court was "unaware of the appeal until . . . it received correspondence from [this Court] regarding transmission of the record." Trial Court Opinion, 10/31/22 at 1-2; **see also id**. at n.1. We have previously stated that "when an appellant fails to serve the notice of appeal on the trial court per Rule 906(a)(2), this Court has discretion to take any appropriate action, including remand[ing] to the trial court for the completion of omitted procedural steps." **Coffman v. Kline**, 167 A.3d 772, 776 (Pa. Super. 2017) (citation and brackets omitted). However, "[w]here a party's procedural missteps do not affect the validity of the appeal, remand is not required." **Id**. (citation omitted). While we admonish Appellant for failing to comply with our appellate rules, we conclude that his failure does not hamper our review. We will therefore address the merits of Appellant's claims.

"Our standard of review of an order of the trial court [sustaining] preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court." *Freundlich & Littman, LLC v. Feierstein*, 157 A.3d 526, 530 (Pa. Super. 2017) (internal alteration and citation omitted). Rule 1028(c)(1) of the Pennsylvania Rules of Civil Procedure permits a plaintiff to file an amended complaint once "as of course within [20] days after service of a copy of preliminary objections." Pa.R.Civ.P. 1028(c)(1); *see also Lerner v. Lerner*, 954 A.2d 1229, 1240 (Pa. Super. 2008). Otherwise, a party must seek leave of court to file an amended pleading. *See* Pa.R.Civ.P. 1033(a). Importantly, though, if "an amended pleading . . . is allowed or required, it shall be filed within [20] days after notice of the order or within such other time as the court shall fix." Pa.R.Civ.P. 1028(e).

We conclude that the trial court correctly sustained Geico's preliminary objections to Appellant's second amended complaint, albeit for reasons that differ from those cited by the trial court.[3] A review of the procedural history of this matter reveals the following. Appellant initiated the present action on November 5, 2020 but, after Geico filed preliminary objections to Appellant's complaint, Appellant filed an amended complaint pursuant to Pa.R.Civ.P.

---

[3] It "is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." *Commonwealth v. Lehman*, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (quotation omitted).

1028(c)(1). Thereafter, Geico filed preliminary objections to Appellant's amended complaint, which the trial court sustained on August 30, 2021. The trial court's August 30, 2021 order sustained Geico's preliminary objections **without prejudice** and specifically granted Appellant leave to file a second amended complaint within 20 days of entrance of its order. Hence, Appellant had until September 20, 2021 to file a second amended complaint. *See* 1 Pa.C.S.A. § 1908 (when the last day of the 30–day appeal period falls on a weekend or legal holiday such day shall be omitted from the computation of time). Appellant, however, failed to do so. Instead, Appellant took no action until September 27, 2021 (seven days after his amended pleading was due), when he filed a notice of appeal to this Court. We quashed the appeal as interlocutory on December 20, 2021. Then, on February 7, 2022, Appellant filed his second amended complaint. There is no indication that Appellant sought leave of court prior to filing his then-untimely second amended complaint. Thus, Appellant's second amended complaint was filed without leave of court, 161 days after the trial court sustained Geico's preliminary objections, and 140 days after the pleading became due, rendering it manifestly untimely.

The Commonwealth Court addressed a similar issue in a prior case.[4] *See Muth v. Ridgway Tp. Mun. Authority*, 8 A.3d 1022 (Pa. Commw.

_____

[4] "This Court is not bound by the decisions of the Commonwealth Court. However, such decisions provide persuasive authority, and we may turn to
*(Footnote Continued Next Page)*

- 5 -

2010). In **Muth**, the Muths, on October 8, 2008, filed a complaint against, *inter alia*, the Ridgway Township Municipal Authority (the "Authority"), seeking a permanent injunction relating to a dispute regarding the use of their private water system. **Id.** at 1025. The Authority filed preliminary objections, which the trial court sustained on June 18, 2009. **Id.** The trial court's order also "granted leave for the Muths to amend their . . . claim within 20 days," *i.e.*, on or before July 8, 2009. **Id.** Instead of filing an amended complaint, the Muths sought reconsideration, which the trial court denied on August 18, 2009. **Id.** On September 15, 2009, the Muths filed an amended complaint. **Id.** Thereafter, the Authority filed preliminary objections, arguing that the Muths' amended complaint "was not timely filed." **Id.** The trial court agreed and struck the Muths' amended complaint. **Id.** The Muths sought appellate review in the Commonwealth Court.

Ultimately, the Commonwealth Court affirmed the trial court's order striking the Muths' amended complaint as untimely. At the outset, the Commonwealth Court noted that it was "undisputed that the Muths filed their amended complaint . . . 69 days after they were ordered by the trial court to do so." **Id.** at 1026. Hence, the Muths' amended complaint "was clearly untimely." **Id.** The Commonwealth Court also noted that the Muths utterly failed to provide any explanation "either in their brief or during argument

_____

our colleagues on the Commonwealth Court for guidance when appropriate." **Petow v. Warehime**, 996 A.2d 1083, 1088 n.1 (Pa. Super. 2010), *quoting* **Maryland Cas. Co. v. Odyssey**, 894 A.2d 750, 756 n.2 (Pa. Super. 2006).

before [that] Court, for the late filing of their amended complaint." *Id.* at 1026-1027. Instead, they simply cited "several cases providing that amendments to pleadings should be liberally permitted except where prejudice to other parties will result." *Id.* at 1027. This argument, however, "overlook[ed] the fact that the trial court . . . permit[ed the appellants] to amend their pleading" and it was their "disregard of the trial court's deadline," not "the trial court's discretion[,] that put them out of court." *Id.* Hence, in the Commonwealth Court's view, the Muths "blatantly and without explanation or good cause" disregarded the trial court's order. *Id.* As such, the Commonwealth Court held that the trial court did not abuse its discretion in striking the Muths' amended complaint. *Id.*

We find the reasoning set forth in *Muth* persuasive. As in *Muth*, Appellant, without leave of court, filed his second amended complaint 140 days late, hence, it was "clearly untimely." *Id.* at 1026. In addition, Appellant did not offer any explanation for his late filing. The only ostensible reason for Appellant's late-filing is his erroneous appeal of the trial court's order sustaining, without prejudice, Geico's preliminary objections to his first amended complaint. Even cursory research of whether a litigant can appeal from an order dismissing a complaint without prejudice would reveal that such an order is not a final, appealable order, over which this Court can assume jurisdiction. *See Mier v. Stewart*, 683 A.2d 930, 930 (Pa. Super. 1996) (holding that a "trial court must dismiss with prejudice the complaint in full" in order for an order sustaining preliminary objections to constitute a final

- 7 -

order). Hence, Appellant's decision to appeal a non-appealable order did not justify his failure to comply with the trial court's August 30, 2021 order, much less halt the proceedings before the trial court. **See Deeter v. Dull Corp., Inc.,** 617 A.2d 336, 338 n.3 (Pa. Super. 1992) (holding that by appealing the trial court's order sustaining the defendant's preliminary objections without prejudice, the plaintiffs appealed "a non[-]appealable interlocutory order") (citation omitted); **see also** Pa.R.A.P. 1701(b)(6) (effect of appeals) ("After an appeal is taken or a review of a quasijudicial order is sought, [a] trial court or other government unit may . . . proceed further in any matter in which a non-appealable order has been entered, notwithstanding the filing of a notice of appeal for review of the order.").

Importantly, this Court and our Supreme Court have affirmed decisions striking untimely pleadings if a party "blatant[ly] disregard[s] . . . the time limits established by the Rules of Civil Procedure, without just cause for the delay," concluding that such conduct "constitutes an abject indifference to the [r]ules." **Peters Creek Sanitary Authority v. Welch**, 681 A.2d 167, 170 (Pa. 1996) (sustaining a trial court's order striking the defendant's answer and new matter due to the 23-month delay, concluding the late-filing demonstrated "an abject indifference of the Rules of Civil Procedure"); **see also Francisco v. Ford Motor Co.**, 580 A.2d 374, 378 (Pa. Super. 1990) (affirming trial court's order granting appellees' motion to strike appellant's answer and new matter filed three years and nine months late where appellant failed to establish the basis for the delay in filing); **Urban v. Urban**, 481 A.2d

662, 665 (Pa. Super. 1984) (affirming the trial court's order sustaining preliminary objections to the wife's answer and new matter filed "over one year after the time mandated by our rules had expired"); ***Tabb v. Thomas***, 2023 WL 2319454 *1, *2 (Pa. Super. 2023) (unpublished memorandum) (holding Tabb waived his claim because he filed his amended complaint late, without leave of court).   Based upon the foregoing, we conclude that Appellant's second amended complaint, filed without leave of court and 140 days after the pleading was due, was manifestly untimely and filed in blatant disregard of our rules of civil procedure.   Accordingly, we affirm the trial court's order sustaining Geico's preliminary objections to Appellant's second amended complaint on this basis.

Order affirmed.

Judge McLaughlin joins.

Judge Nichols concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2023