IN THE COMMONWEALTH COURT OF PENNSYLVANIA

B&A Property, LLC,            :
          Appellant      :
                       :   No. 402 C.D. 2023
      v.              :
                       :   Argued: April 9, 2024
Bensalem Township Zoning Hearing  :
Board

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
               HONORABLE LORI A. DUMAS, Judge
               HONORABLE MATTHEW S. WOLF, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                          FILED:  May 20, 2024

        B & A Property, LLC (Appellant) appeals from the order of the Court of Common Pleas of Bucks County (trial court), entered March 30, 2023, which affirmed a decision of the Bensalem Township (Township) Zoning Hearing Board (Board). Appellant challenges the Board's determination that Appellant is operating a "truck yard or terminal" on property situated within zoning districts where said use is not permitted. After careful review, we affirm the order of the trial court.

## I. BACKGROUND[1]

        Appellant owns a lot at 4220 East Bristol Road, in Bensalem Township, Bucks County (property). On the property is a small building and a parking area.

---

[1] Unless stated otherwise, we adopt the factual background for this case from the Board's decision, which is supported by substantial evidence of record. *See* Bd.'s Dec., 8/12/21, at 2-9; *See Piccolella v. Lycoming Cnty. Zoning Hr'g Bd.*, 984 A.2d 1046, 1052 (Pa. Cmwlth. 2009) (recognizing the Board's "exclusive province over matters of credibility and evidentiary weight").

The property is split-zoned as Highway Commercial (H-C1) and Light Industrial (L-I).

In October 2018, Appellant filed an application for a zoning certification.[2] The application identified the existing use of the property as an empty parking lot and the proposed use as parking for semi-trucks and a mechanic's shop. Thereafter, a Township inspector issued a zoning certification indicating that the proposed use was permitted under the Township code.

In April 2019, to facilitate the sale of the property,[3] the Township issued a commercial use and occupancy permit with the understanding that Appellant intended to use the property to store personal vehicles during the day and van-type vehicles overnight. The Township expected a subsequent application that would further clarify Appellant's intended use of the property.

Following its purchase of the property, despite never receiving the requisite permits, Appellant began operating a trucking business. Specifically, Appellant used the parking lot to store semi-trucks in between shipping runs and coordinated shipping dispatches from the office building.[4]

In August 2019, Appellant filed another application to use the property as an office. About one week later, the Township issued a notice of violation to

____

[2] The zoning certification application was filed prior to Appellant's purchase of the property in April 2019 and identified Mustafa Mursalov and Rustam Mursalov as the applicants. The Mursalovs own Appellant. Notes of Testimony (N.T.) Hr'g, 4/1/21, at 65-66. We note that certain documents in the record also reference Heed Auto Group, LLC (Heed Auto). *See, e.g.*, Ex. T-7. However, the identity and relevance of Heed Auto is unclear. *See, e.g.*, N.T. Hr'g, 4/1/21, at 69 (Rustam Mursalov denying knowledge of the entity despite evidence that he signed documents on its behalf). For ease of discussion, unless otherwise necessary to eliminate confusion, we will refer to the Mursalovs, Heed Auto, and B & A Property, LLC collectively as Appellant.

[3] *See* N.T. Hr'g, 4/1/21, at 22-27 (Township Zoning Officer Kenneth Farrall describing the commercial use and occupancy permitting process).

[4] Contrary to Appellant's proposed use on its zoning certification application, Appellant did not operate a mechanic's shop on the property.

Appellant. The notice indicated that Appellant's use of the property as a trucking yard or terminal is only permitted in the General Industrial (G-I) zoning district and not permitted in H-C1 zoning districts. In October 2020, the Township again issued a similar notice of violation.

Appellant appealed the latter notice to the Board and alternatively requested a variance to permit its use. Following several hearings at which the Township and Appellant presented testimonial and documentary evidence, the Board upheld the notice of violation and denied Appellant's request for a variance. Appellant then appealed to the trial court,[5] which affirmed the Board's decision, and timely appealed to this Court.

## II. ISSUES

We discern two issues raised by Appellant. First, Appellant asserts that its use of the property is permitted under the zoning ordinance. Appellant's Br. at 11-15. Second, in the alternative, Appellant claims it is entitled to equitable relief. *Id.* at 16-20.

## III. DISCUSSION[6]

### A. Appellant's Use is Not Permitted Under the Zoning Ordinance

Initially, we reiterate our deference to the Board's findings and credibility determinations when they are supported by substantial evidence. *See*

---

[5] Appellant abandoned its claim for a variance but maintained claims that its use is permitted and that it is entitled to equitable relief. *See* Appellant's Appeal to Trial Ct., 9/10/21; Appellant's Br. to Trial Ct., 2/21/23.

[6] Our scope of review where the trial court took no additional evidence is limited to determining whether the Board committed an error of law or abused its discretion. *Thomason v. Zoning Hr'g Bd. of Twp. of Radnor*, 26 A.3d 562, 566 (Pa. Cmwlth. 2011). An abuse of discretion occurs when the factual findings are not supported by substantial evidence in the record. *Coal Gas Recovery, L.P. v. Franklin Twp. Zoning Hr'g Bd.*, 944 A.2d 832, 838 n.9 (Pa. Cmwlth. 2008) (citation omitted). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*

3

*Piccolella*, 984 A.2d at 1052. At the evidentiary hearings in this matter, Appellant offered testimony that it used the property to operate a "trucking company business." N.T. Hr'g, 5/6/21, at 13. Appellant also described its operations, which included storing semi-trucks and trailers on the property between shipping runs and using the office to coordinate dispatches. *See* N.T. Hr'g, 4/1/21, at 74, 77; N.T. Hr'g, 5/6/21, at 13. The Township provided testimony from a township zoning officer that this use qualifies as a trucking yard or terminal. N.T. Hr'g, 4/1/21, at 34. Based on this testimony, the Board found that Appellant used the property as a "truck yard or terminal." *See* Bd.'s Dec. at 9. In our view, this constitutes substantial evidence; accordingly, we defer to the Board's finding. *See Piccolella*, 984 A.2d at 1052.

The zoning ordinance does not expressly permit a truck yard or terminal in the H-C1 zoning district.[7] Nevertheless, Appellant asserts that its use of the property is permitted. *See* Appellant's Br. at 11-12. According to Appellant, the zoning ordinance expressly authorizes a "parking garage or lot" for trucks and "other self-propelled motor driven vehicle[s]." *Id.* (citing Bensalem Twp. Zoning Ordinance § 232-408(3)). Appellant reasons that this language is broad enough to encompass its use and, therefore, the Board's conclusion is clearly erroneous and at odds with the plain language of the ordinance.[8] *Id.* at 12-13.

The responsive arguments of the Board and Township are largely in alignment, asserting that a trucking yard is not permitted on Appellant's property. *See* Bd.'s Br. at 12-17; Twp.'s Br. at 10-17. The Board and Township assert that a

---

[7] As noted, the property is split-zoned. However, the zoning ordinance provides that property in a L-I district may be used, *inter alia*, for "[a]ny use permitted in a H-C1 commercial district under article VIII, subsection 232-408(3)[.]" Bensalem Twp., Pa. Zoning Ordinance § 232-532(1). Thus, the split-zoning is not pertinent to this appeal.

[8] Appellant maintains that the zoning ordinance is clear and unambiguous but notes that any ambiguity should be resolved in its favor. *See* Appellant's Br. at 11-14. We discern no ambiguity in the zoning ordinance.

trucking yard is inconsistent with the types of low impact residential-commercial uses permitted in the H-C1 and L-I zoning districts and instead is a heavy industrial use that is only permitted in G-I zoning districts. *See* Bd.'s Br. at 9-11; Twp.'s Br. at 12-15. Further, both reject Appellant's reasoning, suggesting that Appellant conflates distinct terms in the ordinance. *See, e.g.*, Bd.'s Br. at 17 (asserting that the suggestion that "a parking lot is the same as a trucking yard/terminal is unreasonable"); Twp.'s Br. at 13 (asserting that a parking lot and trucking terminal are "not interchangeable").

The interpretation of a zoning ordinance presents a question of law. *Northampton Area Sch. Dist. v. Zoning Hr'g Bd. of Twp. of Lehigh*, 64 A.3d 1152, 1157 (Pa. Cmwlth. 2013). Likewise, whether an individual's use of his property falls within a zoning ordinance's specified category is also a question of law. *Alessi v. Millcreek Twp. Zoning Hr'g Bd.*, 814 A.2d 278, 282 n.5 (Pa. Cmwlth. 2002). Thus, our standard of review is *de novo,* and our scope of review is plenary. *City of Clairton v. Zoning Hr'g Bd. of City of Clairton*, 246 A.3d 890, 897 n.8 (Pa. Cmwlth. 2021) (citations omitted).

Generally, a zoning hearing board or zoning officer's interpretation of its zoning ordinance is given "some degree of deference." *Id.* at 909. However, the interpretation must be consistent with the plain language of the ordinance "rather than deviating from those terms based on an unexpressed policy." *Greth Dev. Grp., Inc. v. Zoning Hr'g Bd. of Lower Heidelberg Twp.*, 918 A.2d 181, 187 (Pa. Cmwlth. 2007). Accordingly, an interpretation of a zoning ordinance that is inconsistent with the plain language of the ordinance "carries little or no weight." *Clairton*, 246 A.3d at 909.

5

If the language of the ordinance is unambiguous, "we must apply it directly as written." *Tri-Cnty. Landfill, Inc. v. Pine Twp. Zoning Hr'g Bd.*, 83 A.3d 488, 517 (Pa. Cmwlth. 2014). We will consider the choice of "words and phrases in a sensible manner, utilize the rules of grammar and apply their common and approved usage, and give undefined terms their plain, ordinary meaning." *Wexford Sci. & Tech., LLC v. City of Pittsburgh Zoning Bd. of Adjustment*, 280 A.3d 1097, 1102 (Pa. Cmwlth. 2022) (internal quotations omitted). "To ascertain and provide a natural construction of language and phrases, we may consult dictionaries and can draw upon common sense and basic human experience." *Clairton*, 246 A.3d at 903.

In our view, without belaboring the point, the Board's interpretation of its zoning ordinance is sensible and persuasive. In an H-C1 district, the Township permits property to be used as a parking lot. Bensalem Twp. Zoning Ordinance § 232-408(3).[9] In a G-I district, property may be used as a trucking yard. *Id.* § 232-542(10).[10] These are plainly different and distinct uses. While a parking lot may

---

[9] The entirety of the relevant section states:

> A building may be erected or used and a lot may be used or occupied in a H-C1 district for one of the following uses and no other, except that two such uses, and no more, may be permitted on one lot provided that the lot area exceeds 40,000 square feet.
>
> . . . .
>
> (3) Public garage, gasoline service station and self-service gasoline service station (subject to the requirements provided in this chapter), automobile sales and repairs, *parking garage or lot*, automobile washes, boat sales and repairs, sale of house trailers and sale of truck trailers. As used herein, automobile means and includes a car, truck, motorcycle, bus, tractor, farm equipment or any other self-propelled motor driven vehicle. Public garages, gasoline service stations and self-service gasoline service stations, automobile repair shops, public garages and automobile washes shall not keep or store unlicensed and/or uninspected vehicles on the premises.

Bensalem Twp. Zoning Ordinance § 232-408(3) (emphasis added).

[10] The entirety of the relevant section states:

6

accommodate various motor vehicles, it does not sufficiently describe Appellant's business, which involves the logistical organization and control of large tractor-trailer vehicles.[11] *See Clairton*, 246 A.3d at 903. Clearly, Appellant is not merely parking vehicles on the property, but rather using the property as the operational hub of its trucking business, a heavy impact use more suitable in an industrial district. *See id.* Thus, we conclude that Appellant's use is not permitted. *See Alessi*, 814 A.2d at 282 n.5.

## B. Appellant is Not Entitled to Equitable Relief

Appellant contends that the Township is barred from asserting a zoning violation under the theories of vested rights and variance by estoppel. Appellant's Br. at 16. The underlying rationale for these claims appears to be that Appellant was entitled to rely on the zoning certification issued by the Township as if it was a use permit. *See id.*[12]

---

> A building may be erected or used and a lot may be used or occupied in a G-I district, for any of the following purposes, and any uses substantially similar, and no other, except that no use shall be permitted which is or creates a noxious, offensive or hazardous condition:
>
> . . . .
>
> (10) Packing and crating; distribution station for milk and other beverages; express, carting, or hauling station; *motor vehicle trucking yard or terminal*; heavy equipment storage and/or repair facilities[.]

Bensalem Twp. Zoning Ordinance § 232-542(10) (emphasis added).

[11] A "parking lot" is defined as "an area used for the parking of motor vehicles." *Parking Lot*, Merriam-Webster's Dictionary (online ed.) (https://www.merriam-webster.com/dictionary/parking%20lot) (last visited May 17, 2024). The relevant definition of "yard" is "an area with its buildings and facilities set aside for a particular business or activity." *Yard*, Merriam-Webster's Dictionary (online ed.) (https://www.merriam-webster.com/dictionary/yard) (last visited May 17, 2024). Thus, a trucking yard more specifically accommodates a trucking business.

[12] Appellant raises a claim for equitable estoppel for the first time in its appellate brief. *See* Appellant's Br. at 16-17. The only equitable theories of relief that Appellant raised before the

7

## 1. Vested Rights

Appellant suggests, in rather oblique terms, that it is entitled to relief because the Township issued a use permit in error and Appellant expended significant funds in reliance thereon. *See* Appellant's Br. at 16-19. The Board and Township reject this claim because Appellant never obtained a permit, and the zoning certification is not considered a permit. Bd.'s Br. at 25-26; Twp.'s Br. at 19-21.

A property owner may acquire certain vested rights in its property where a municipality has erroneously issued the property owner a permit. *See Petrosky v. Zoning Hr'g Bd. of Upper Chichester Twp.*, 402 A.2d 1385, 1388 (Pa. 1979) (property owners acquired a vested right to maintain a structure that violated zoning setback requirements because, *inter alia*, the structure complied with the permits granted by the township). Whether these equitable rights vest in the property owner depends on several factors that courts will review, including the owner's diligence complying with the law. *Id.* Importantly, however, the doctrine of vested rights applies only when there is a permit. *See Muth v. Ridgway Twp. Mun. Auth.*, 8 A.3d 1022, 1026 (Pa. Cmwlth. 2010) (affirming a trial court's order sustaining a demurrer to a claim under the vested rights doctrine because the municipality never issued a permit).

---

Board and in its Concise Statement of Matters Complained of on Appeal were variance by estoppel and vested rights. *See* Bd.'s Dec., 8/12/21, at 11; Concise Statement ¶ 5. Thus, Appellant has not preserved this claim for our review. *See Piccolella*, 984 A.2d at 1060 n.4; Pa.R.A.P. 1925(b)(4)(vii).

Even so, we note that Appellant has conceded that the Township did not misrepresent a material fact. *See* Appellant's Br. at 17. Appellant's concession is fatal to its equitable estoppel claim. *See Earl Twp. v. Reading Broadcasting, Inc.*, 770 A.2d 794, 798 (Pa. Cmwlth. 2001) (dismissing equitable estoppel claim for failing to establish that the municipality misrepresented a material fact).

Here, the Township issued a zoning certification but never granted Appellant a permit to use the property as a trucking terminal. In fact, the certification explicitly stated that "[t]his is not a permit. No land shall be used or occupied and no structure shall be constructed, used[,] or occupied until all appropriate approvals and permits are obtained." Zoning Cert., 10/12/18. With no permit, Appellant cannot establish a right to relief under the doctrine of vested rights. *See Muth*, 8 A.3d at 1026. Therefore, Appellant's vested rights argument is without merit. *See id.*

## 2. Variance by Estoppel

Appellant also asserts that it is entitled to equitable relief under the doctrine of variance by estoppel. Appellant's Br. at 19. Appellant argues, in conclusory fashion, that each element of the theory is present in this case. *Id.* at 19-20. The Board and Township reject this claim because the Township never acquiesced to the use and there was but a short period of time between Appellant's unpermitted use and the first issued notice of violation. Bd.'s Br. at 26-27; Twp.'s Br. at 24.

"A variance by estoppel is an unusual remedy and is granted only in the most extraordinary of circumstances." *Springfield Twp. v. Kim*, 792 A.2d 717, 721 (Pa. Cmwlth. 2002). A property owner must establish:

> (1) a long period of municipal failure to enforce the law, when the municipality knew or should have known of the violation, in conjunction with some form of active acquiescence in the illegal use; (2) the landowner acted in good faith and relied innocently upon the validity of the use throughout the proceeding; (3) the landowner has made substantial expenditures in reliance upon his belief that his use was permitted; and (4) denial of the variance would impose an unnecessary hardship on the applicant.

9

*Pietropaolo v. Zoning Hr'g Bd. of Lower Merion Twp.*, 979 A.2d 969, 980 (Pa. Cmwlth. 2009). To prevail under a variance by estoppel theory, each of the elements must be established by "clear, precise and unequivocal evidence." *Id.*

"[T]he mere passage of time does not, in itself, entitle a property owner to a variance by estoppel." *Skarvelis v. Zoning Hr'g Bd. of Borough of Dormont*, 679 A.2d 278, 281 (Pa. Cmwlth. 1996) (citations omitted). Similarly, mere inaction is insufficient to establish that the municipality has actively acquiesced to the illegal use. *Kim*, 792 A.2d at 722 (citation omitted). Rather, the property owner must show that the municipality performed an affirmative act, such as issuing a permit, which would reasonably lead a landowner to conclude his use was lawful. *Pietropaolo*, 979 A.2d at 981 (citation omitted).

Here, Appellant failed to establish that the Township committed an affirmative act that would reasonably lead Appellant to conclude that its use of the property was lawful. Instead, the record established that the Township never conveyed to Appellant that its use of the property to operate a trucking business was permitted and instead informed Appellant that it would need to provide additional information to clarify its intended use of the property. *See* Zoning Cert., 10/12/18; N.T. Hr'g, 4/1/21, at 25-27. The Township's actions would not reasonably lead a landowner to conclude that he could use the property to operate a trucking business. *Cf. Pietropaolo*, 979 A.2d at 981 (collecting cases where the municipality granting the necessary permit and the passage of years would reasonably lead a landowner to conclude that his use of the property was lawful). Additionally, a short amount of time, only five months, elapsed between Appellant beginning its illegal use of the property and the Township issuing the September 4, 2019, Notice of Violation.[13]

---

[13] Also, the Township issued the September 4, 2019, Notice of Violation within a week of receiving Appellant's August 28, 2019, Use & Occupancy Permit Application.

Appellant failed to meet its burden and we see no support in the record for its claim that the Township actively acquiesced to its illegal use for a long period of time. *See id.* Therefore, Appellant's variance by estoppel claim is without merit. *See id.*

## IV. CONCLUSION

The Board's finding that Appellant used the property as a "truck yard or terminal" was supported by substantial evidence. *See Piccolella*, 984 A.2d at 1052. Such use is not permitted in H-C1 zoning districts. *See* Bensalem Twp. Zoning Ordinance §§ 232-408(3), 232-542(10). Further, Appellant failed to establish its equitable claims under the doctrines of vested rights and variance by estoppel. *See Muth*, 8 A.3d at 1026; *Kim*, 792 A.2d at 721-22; *Pietropaolo*, 979 A.2d at 980-81. For these reasons, we affirm the trial court's order.

LORI A. DUMAS, Judge

Judge Covey did not participate in this decision.

11

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

B&A Property, LLC,  :
           Appellant  :
             :  No. 402 C.D. 2023
        v.  :
             :
Bensalem Township Zoning Hearing  :
Board

**O R D E R**

AND NOW, this 20th day of May, 2024, the order of the Court of Common Pleas of Bucks County, entered March 30, 2023, is AFFIRMED.

 

 

LORI A. DUMAS, Judge