IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Dwight Andre Campbell,            :
             Appellant     :
                                :
      v.                   :    No. 985 C.D. 2024
                                :
Ashley Simmers, Abbie Tate, Prime   :    Submitted: October 7, 2025
Care Medical, Peter Weeks, Jessica   :
Weil, Matthew Dunio, Clinton       :
Vazques, Tyler McConnell, Matthew  :
Lutz, Tom Wolf, Jeremy Talley, and   :
Susie Gutshall                 :

***OPINION NOT REPORTED***

MEMORANDUM OPINION
PER CURIAM                          FILED: November 19, 2025

        Dwight Andre Campbell (Appellant) appeals *pro se* from the May 31, 2024 order entered in the Blair County Court of Common Pleas (trial court) denying his motion to amend his complaint and dismissing the complaint with prejudice for his failure to comply with a previous court order concerning service of process. Upon review, we affirm.

## Background

        Appellant is an inmate in Pennsylvania's state correctional system. On May 19, 2022, Appellant, proceeding *pro se*, filed a civil complaint against the above-named individuals (collectively, Appellees) alleging that he was refused necessary medical treatment while housed in the Blair County Jail on false charges of aggravated assault, recklessly endangering another person, and various drug offenses. To the extent Appellant's handwritten complaint is legible, he claims that the police officers who arrested him and the magisterial district judge who presided over his criminal case

engaged in "retaliation" against him by, *inter alia*, filing fabricated charges against him, setting excessive bail, and failing to inform him of his rights throughout the proceedings. (Reproduced Record (R.R.) at 32a.)

After Appellant filed his complaint in the trial court, he failed to effectuate proper service on any of the Appellees. Appellant instead averred that he sent copies of the complaint to Appellees via email and priority mail and that he asked the clerk of courts to send Appellees copies of the document. (R.R. at 64a, 114a, 130a.) Appellees became aware of the matter and filed preliminary objections to the complaint raising the issue of improper service.

The trial court held oral argument on May 2, 2023, at which Appellant expressed his awareness that he was responsible for serving the complaint and his belief that he complied with this mandate by asking the clerk of courts to serve the complaint on Appellees. The trial court advised Appellant that the clerk of courts does not serve complaints, and it explained to him the procedure for effectuating proper service of process through the county sheriff. (R.R. at 130a-32a.) The trial court struck the complaint and stated that it would allow Appellant a two-month period to either reinstate the complaint or file an amended complaint and effectuate proper service. (R.R. at 139a.) The trial court entered an order to that end verbally from the bench and also issued a written order that same day, directing:

> NOW, this 2nd day May, 2023, for reasons stated on the record, it is hereby ORDERED that all Preliminary Objections based upon the failure to serve the Defendants in accordance with the Pennsylvania Rules of Civil Procedure are hereby sustained. The Complaint filed by the Plaintiff is hereby stricken. Plaintiff may reinstate the Complaint and cause it to be properly filed or Plaintiff may file an Amended Complaint and have it properly served upon all parties. **Plaintiff must cause his Complaint, whether it be the**

2

**original or an Amended Complaint, to be served within 75 days of the date hereof**.

(Order, 5/02/23) (emphasis added).

Nearly nine months later, on January 31, 2024, Appellant filed a single-page motion to amend his complaint indicating that "the defendants['] list" needed to be "adjusted." (R.R. at 147a.) Appellees filed motions to strike and preliminary objections to Appellant's motion, and the trial court held oral argument on May 7, 2024. During the proceeding, Appellant indicated his understanding that at the initial hearing: "The court asked him to either amend [the complaint and] send copies to everyone or amend it and submit it within 75 days." (R.R. at 195a.) Appellant stated that "since then [he] went back to the institution [he] was at and [] was able to get all my legal work together." (*Id*.) Appellant averred that he did not ignore the trial court's May 2, 2023 order and explained "the issue was . . . that I didn't have my legal work to advise the court that a certificate of service was filed and the [Appellees] did receive actual original documents of the complaint." (R.R. at 197a.)

On May 31, 2024, the trial court issued an opinion and order denying Appellant's motion to amend his complaint and directing that his complaint be dismissed with prejudice for his failure to comply with its May 2, 2023 order. In doing so, the trial court explained:

> At the oral argument on the preliminary objections and motions to strike, it became obvious that [Appellant] completely ignored the requirements of the May 2, 2023 order. Not a single defendant had yet been served with a copy of the complaint and no amended complaint had ever been filed. The case is almost exactly two years old and no complaint has yet to be served upon any defendant.

3

(R.R. at 210a-11a.) This appeal followed.[1]

## Discussion

On appeal, Appellant contends his efforts to effectuate service of the complaint were reasonable, as Appellees received copies of the complaint before they retained counsel to represent them in this lawsuit. Appellant additionally maintains that the clerk of courts, with "evil intentions," failed to provide him with a copy of the trial court's May 2, 2023 order, constituting a breakdown in the court system. (Appellant's Br., at 1-2) (unpaginated).[2]

Appropriate service of process of a complaint is governed by Pennsylvania Rule of Civil Procedure 400(a), which provides in relevant part that "original process shall be served within the Commonwealth only by the sheriff." Pa.R.Civ.P. 400(a). Rule 402(a) addresses the manner of service and requires that the complaint be served "by handing a copy to the defendant," to a specified adult at the defendant's residence, or to an agent or person in charge at the defendant's office or place of business. Pa.R.Civ.P. 402(a)(1)-(2)(iii). Service of original process is not merely a technicality, as it is the mechanism by which a court obtains jurisdiction over

---

[1] While Appellant filed his notice of appeal in the Superior Court, our sister court transferred the case to this Court by order entered August 2, 2024.

[2] The argument section of Appellant's brief spans approximately one-half of a page, and fails to meaningfully discuss either the facts of this case or pertinent legal authority. While this Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure, we will address Appellant's claims to the extent we are able to discern them. *See* Pa.R.A.P. 2101 (authorizing qushal or dismissal of appeal based on defective brief); *see also* Pa.R.A.P. 2119(a)-(c) (requiring argument section of brief to include discussion of pertinent legal authority with references to record). We also note that although this Court may liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon a litigant, and a court cannot become a party's counsel or find more in a written submission than is fairly conveyed in the pleading. *Kozicki v. Unemployment Compensation Board of Review*, 299 A.3d 1055, 1063 (Pa. Cmwlth. 2023).

4

a defendant. *Pioneer Construction Company v. Insight Pharmaceuticals, LLC*, 338 A.3d 234, 241 (Pa. Cmwlth. 2025). Therefore, the rules relating to service of process must be strictly construed. *Id*.

Also relevant to this appeal is Rule 1028(e), governing a party's filing of an amended complaint. It provides: "(e) If the filing of an amendment, an amended pleading or a new pleading is allowed or required, it **shall be filed** within twenty days after notice of the order or **within such other time as the court shall fix**." Pa.R.Civ.P. 1028(e) (emphasis added). As to the consequences of a party's failure to comply with procedural rules, it is well settled that trial courts "are entitled to impose sanctions for noncompliance with procedural rules and such determinations will not be disturbed absent an abuse of discretion." *Muth v. Ridgway Township Municipal Authority*, 8 A.3d 1022, 1027 (Pa. Cmwlth. 2010); *see also Peters Creek Sanitary Authority v. Welch*, 681 A.2d 167, 170 (Pa. 1996) (holding that a trial court "does not abuse its discretion in striking a pleading as untimely where it finds that a party's blatant disregard for the time limits established by the Rules of Civil Procedure, without just cause for the delay, constitutes an abject indifference to the Rules").

We find the reasoning set forth in *Muth* instructive. In *Muth*, the plaintiffs filed a complaint against the township seeking a permanent injunction relating to a water system dispute. The township filed preliminary objections, which the trial court sustained and granted leave for the plaintiffs to amend their complaint within 20 days, *i.e.*, on or before July 8, 2009. *Id.* at 1025. Instead of filing an amended complaint, the plaintiffs filed a motion for reconsideration, which the trial court denied. On September 15, 2009, the plaintiffs filed an amended complaint, and the township filed preliminary objections in response, arguing that the amended complaint was untimely filed. The trial court agreed and struck the amended complaint. *Id.*

On appeal to this Court, we affirmed the trial court's order. In doing so we emphasized that it was "undisputed that the [plaintiffs] filed their amended complaint [] 69 days after they were ordered by the trial court to do so, and was clearly untimely." *Id.* at 1026. The *Muth* Court also noted that the plaintiffs failed to provide any valid explanation for the late filing of their amended complaint and that their arguments "overlook[ed] the fact that the trial court [] did permit them to amend their pleading" and it was their "disregard of the trial court's deadline," not "the trial court's discretion that put them out of court[.]" *Id.* at 1027.

Here, during the initial hearing on the preliminary objections, the trial court granted Appellant a generous timeframe of over two months —75 days—, to either reinstate his complaint or amend it, and to effectuate proper service. The trial court advised Appellant on the record of the required procedure for serving the complaint and of the extended filing deadline. (R.R. at 132a, 139a-40a.) Instead of complying with the court's directive, Appellant waited nine months to file a motion to amend his complaint, in which he indicated that his list of defendants named in the action needed to be "adjusted." (R.R. at 147a.) As in *Muth*, Appellant did not offer any valid explanation for his late filing and made only vague references to his need to gather legal work.

Although Appellant maintains that the clerk of courts intentionally failed to provide him with a copy of the trial court's May 2, 2023 order setting the filing deadline, the record is devoid of any evidence to support this claim. Instead, the record reflects that the trial court expressly advised Appellant of the 75-day filing deadline on the record at the hearing and that Appellant was well aware of it but failed to provide a reasonable explanation for his inordinate nine-month delay in filing any document with the court. Under these circumstances, wherein Appellant blatantly and without

6

adequate explanation disregarded a court order, the trial court did not abuse its discretion by dismissing the complaint with prejudice. Appellant's arguments to the contrary overlook the fact that the trial court permitted him ample opportunity to reinstate or amend the complaint and effectuate proper service, and it was his "disregard of the trial court's deadline," not "the trial court's discretion that put [him] out of court." *Muth*, 8 A.3d at 1027. Accordingly, we affirm the order of the trial court.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Dwight Andre Campbell, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 985 C.D. 2024 |
| | : | |
| Ashley Simmers, Abbie Tate, Prime | : | |
| Care Medical, Peter Weeks, Jessica | : | |
| Weil, Matthew Dunio, Clinton | : | |
| Vazques, Tyler McConnell, Matthew | : | |
| Lutz, Tom Wolf, Jeremy Talley, and | : | |
| Susie Gutshall | : | |

## *PER CURIAM*

## *ORDER*

AND NOW, this 19th day of November, 2025, the May 31, 2024 order entered in the Blair County Court of Common Pleas is hereby AFFIRMED.